**BRAES MANOR CIVIC CLUB et al.,**
Appellants,

v.

**Don MITCHELL et al., Appellees.**

No. 4122.

Court of Civil Appeals of Texas.

Waco.

June 6, 1963.

Rehearing Denied June 27, 1963.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellants.

Barrow, Bland, Rehmet & Singleton, Sidney Farr, Melvin S. Cohn, Houston, for appellees.

McDONALD, Chief Justice.

This case involves the meaning and enforcement of certain restrictions in Braes Manor, an addition in Harris County, Texas.

| Lot 4 | Lot 5 | Lot 6 | Lot 7 | Lot 8 |
|-------|-------|-------|-------|-------|

Schematic Diagram, Section 2

Plaintiff Civic Club (and individual plaintiffs who own homes in Braes Manor Addition) instituted this suit against defendants, who own lots 4, 5, 6 and 7 of Section 2, Braes Manor Addition, to enforce existing restrictions on lot 7, and to enjoin defendants from using lot 7 as a parking lot. Plaintiffs also alleged that the use of lot 7 as a parking lot constituted a nuisance. Trial was to a jury on the question of whether the use of lot 7 as a parking lot constituted a nuisance, and the jury found that such use was not a nuisance. The Trial Court overruled plaintiffs' motion for judgment non obstante, and entered judgment on the verdict that plaintiffs take nothing. Plaintiffs appeal, contending among other things, that the Trial Court

erred in rendering judgment for defendants, because the restrictions preclude use of lot 7 as a parking area, as a matter of law.

The applicable restrictions read as follows:

> "Each lot in said Braes Manor, Section Two, shall be used for residential purposes only, upon which family dwellings may be erected as follows:
>
> "a) A single family dwelling of one, one and one-half or two stories may be erected on any lot in said Section Two * * *.
>
> "b) A duplex apartment or multiple units dwelling building may be erected on Lots * * * 4, 5, and 6 * * *."

Lots 4, 5, and 6 belong to defendants, upon which they have erected apartment buildings (and which is permitted by the foregoing restrictions). Lot 8 belongs to one of the plaintiffs, upon which he has erected a dwelling house. Lot 7 was vacant when purchased by defendants. Defendants not having adequate parking spaces for the tenants in their apartments located on lots 4, 5 and 6; paved lot 7; erected carports thereon; put a fence around the outside of it; and utilize it as a parking lot for the tenants of the apartments (on lots 4, 5 and 6). Plaintiffs' suit sought to enjoin such use of lot 7, (for among other reasons), as violative of the restrictions; sought mandatory injunction requiring defendants to remove the pavement, carports and fence from such lot; and sought damages.

It is our view that defendants violated the restrictions applicable to lot 7. Lot 7 is restricted to residential use, and to erection of a one, one and one-half, or two story family dwelling thereon. Use as a parking lot of lot 7, for tenants of lots 4, 5 and 6 is not such residential use as prescribed and required by the restrictions. A parking lot is not a residence, and use as a parking lot for the residents of lots 4, 5 and 6 does not, in our view, constitute "residential use" as prescribed by the restrictions.

The trial court should have rendered judgment enforcing the restrictions. The judgment is accordingly reversed and remanded to the Trial Court with instructions to enter permanent injunction restraining defendants from using lot 7 as a parking lot; and requiring defendants to remove the paving, carports and fencing, used in connection with parking, from such lot.

Reversed and remanded.