**Charles IRELAND et al., Appellant-Appellee,**

v.

**BIBLE BAPTIST CHURCH, Appellee-Appellant.**

**No. 7343.**

Court of Civil Appeals of Texas, Beaumont.

April 27, 1972.

Rehearing Denied May 18, 1972.

Rienstra, Rienstra & Dowell, Beaumont, for appellant, Ireland.

M. H. Oldham, Phillip Bordages and A. W. Dycuss, Beaumont, for appellee, Bible Baptist Church.

KEITH, Justice.

Plaintiffs below, Ireland, et al, brought suit to enjoin the defendant, Bible Baptist Church, from using certain lands for church purposes contending that such use violated the deed restrictions in the addition. Plaintiffs also sought a mandatory injunction to compel the removal of two frame structures placed thereon by the defendant. At the conclusion of the evidence, the trial court granted plaintiffs' motion for a peremptory instruction and entered judgment enjoining the defendant from further using the land for church purposes but denying the mandatory relief which would have required the defendant to remove the buildings then located upon the land. Both sides having appealed, we will designate the parties as they appeared in the trial court.

The Church holds title to the land under deed from Roy D. Brite, et al, and the property is that described in the opinion of this court in Brite v. Gray, 377 S.W.2d

223 (Tex.Civ.App., Beaumont, 1964, no writ), to which we refer for more details. The pastor of the defendant Church is the Reverend Mr. J. Boyd Davis whose conviction for contempt in violating the injunction issued in Brite v. Gray, supra, was reviewed by the Supreme Court in Ex parte Davis, 470 S.W.2d 647 (Tex.Sup.1971), to which we also refer for more details. The facts are not in dispute although the parties are in disagreement as to the law governing such facts.

Although a veterinary clinic was involved in the *Brite Case* and a church is involved in this case, the restrictions are the same, only those pertinent to the decision having been set out in *Brite*. As applied to this case, the restrictions specify that:

"No structure shall be erected, altered, placed or permitted to remain on any residential building plot other than one detached single-family dwelling not to exceed two and one-half stories in height*s* and a private garage for not more than two cars."

The defendant Church acquired the property by deed from Dr. Brite dated August 16, 1965. On August 31, 1965, counsel for the present plaintiffs addressed a letter to the pastor of the Church advising of the restrictive covenants applicable to the addition and of the holding of this court in Brite v. Gray. The defendant made no use of the land until April 28, 1971, when it moved two buildings on to the land. The Reverend Mr. Davis described the buildings in this manner:

"Well, they're frame buildings, one of them is about forty by eighty, I guess, and the other one maybe twenty by twenty-four. One of them is used for Sunday School, young people's meeting place, and the other is the Sanctuary with three or four classrooms in it."

The larger of the two buildings is the sanctuary where preaching services are held and the smaller building is used for Sun-day School purposes. There are no sleeping facilities in either building.

At some time in the future, presumably when financially able, Church intends to construct a new building upon the premises but no definite plans therefor were in existence at the time of the trial.

By the first two points, the defendant contends that the trial court erred in peremptorily instructing the jury to return a verdict for the plaintiffs because (a) the evidence showed that the individual plaintiffs had suffered no damage by reason of the use of the property for church purposes; and (b), alternatively, the evidence raised a question for the jury to determine if plaintiffs had sustained actual damage. Each of the plaintiffs testified, in substance, that the presence of the church had not actually disturbed him in the occupancy of his home nor did either plaintiff contend that he had sustained actual monetary damage by reason of its presence. Each feared that if the restrictions were not maintained, the area would depreciate in value by the other noncomplying uses being made of this and other lots in the addition.

We disagree with defendant and overrule the points. In Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943, 946 (1958), the court said:

"The authorities are uniform in declaring that the erection of a church violates a covenant restricting the use of property for residential purposes."

This case was followed by Protestant Episcopal Church Council v. McKinney, 339 S.W.2d 400, 403 (Tex.Civ.App., Eastland, 1960, error ref.), wherein the court, recognizing the general rule advanced by defendant in our case, continued, saying:

"However, an exception to the above stated general rule is found in cases holding that a covenant restricting the use of land may be enforced by injunction where a distinct or substantial

breach is shown, without regard to the amount of damages caused by the breach, and that in such cases it is not necessary to show the existence of any particular amount of damages or to show that the injury will be irreparable."

Having reviewed the record, we say, as did the Eastland court in the *McKinney Case*, supra: "In our opinion the evidence supports the conclusion that the breach of the restrictive covenant in the instant case is a distinct and substantial one." (339 S.W.2d at 404) We go even further and say that such fact was established as a matter of law, thereby authorizing and requiring the trial court to grant the motion for peremptory instruction.

■ Defendant's third and fourth points contend that the injunction denies to defendant its freedom of religion and of worship, thereby running afoul of the First and Fourteenth Amendments to the Constitution of the United States and Article 1, § 6 of the Constitution of the State of Texas, Vernon's Ann.St., respectively. We express our complete and wholehearted adherence to and support of each of the constitutional provisions cited; but, we reject the contentions so advanced. The only case remotely in point cited by defendant is that of Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441 (1948). The restrictions involved in *Shelley* provided that no part of the property could be " 'occupied by any person not of the Caucasian race' " and could not be used " 'for resident or other purpose by people of the Negro or Mongolian Race.' " (334 U.S. at p. 10, 68 S.Ct. at p. 840) Judicial enforcement of the restrictive covenant was denied because it constituted "discriminatory action on the part of the States based on considerations of race or color." (334 U.S. at p. 23, 68 S.Ct. at p. 847)

Defendant's reliance upon *Shelley* is misplaced. The restriction which was enforced in the instant case applied equally to churches of all denominations and faiths. If the restriction applied only to Baptist churches while permitting those of other denominations, the rationale of *Shelley* would be more persuasive. Defendant's points three and four are overruled.

In Brite v. Gray, supra, this court pointed out that the deed into Brite described two tracts of land: Tract One, all of Lots Nine and Ten in Block Two, and a small strip of property contiguous thereto containing .261 acres, designated as Tract Two (377 S.W. 2d at p. 224). The deed from Brite to defendant Church, conveying the identical land mentioned in the prior decision of this court, included the restrictions which appeared in the deed to Brite as to Tract One but did not refer to the restrictions in describing Tract Two.

Defendant contends that Tract Two was not included in the original plat or dedication of the addition but, upon the contrary, such land "constitutes builtup land outside of the platted portion of the subdivision" and not controlled by the restrictions as to the other lots. Alternatively, defendant contends that a fact issue was presented for determination by the jury. Defendant offered testimony that after the dedication of the subdivision in 1949, the developers permitted a contractor engaged in improving a nearby street to dump the spoil into the lake and a substantial area was reclaimed from the lake which became a part of Tract Two.

Brite's conveyance to the Church followed precisely the form of the deed whereby he acquired the land from Austin, as mentioned in Brite v. Gray, supra, and did not include the restrictions as to Tract Two. However, in the chain of title to the property acquired by defendant Church there appeared the deed mentioned in the *Brite Case* from the developers to Austin which did contain the restrictions. The court disposed of the point in this manner:

"Moreover, the Austins accepted title to Tract Two with restrictions imposed thereon. These were restrictive covenants running with the land. They could convey no greater estate to appellants

than that which they had received. Matthews v. Rains County, Tex.Civ.App., 206 S.W.2d 852.

"We hold that appellants' property, Tract Two (2), is burdened with the same restrictions applicable to other lots in the addition and that the trial court correctly issued the injunction." (377 S.W.2d at p. 225)

The land which Brite sold to the Church was burdened with the restrictions as to both tracts and he could not, just as Austin could not, convey a greater estate than that which he had received. The restrictions were a part of Brite's title and the Church could not trace its title back to its source without being directly informed of the existence of the restrictions as to Tract Two.

■■ A purchaser is charged with and bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims. Wessels v. Rio Bravo Oil Co., 250 S.W.2d 668, 670 (Tex.Civ.App., Eastland, 1952, error ref.). Thus, the Church was chargeable with notice, not only of the restrictions appearing in its deed, but also with notice of whatever a diligent inquiry would have revealed. Carter v. Hawkins, 62 Tex. 393, 397 (1884). Inquiry would have brought home to the Church knowledge that this court had theretofore held Tract Two to be covered by the restrictions applicable to the entire subdivision.

■ The rule of collateral estoppel or estoppel by judgment is also applicable in this case. For an authoritative discussion of the rule, see Benson v. Wanda Petroleum Company, 468 S.W.2d 361 (Tex.Sup. 1971). The Church, being in privity with Brite, its grantor, is bound by the judgment of this court holding the restrictive covenants applicable to Tract Two. Kirby Lumber Corp. v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387 (1946).

■ Additionally, the doctrine of res judicata is applicable here. Res judicata, extending both to questions of law and issues of fact, binds not only the parties to the first suit but those who claim under them. Swilley v. McCain, 374 S.W.2d 871, 875 (Tex.Sup.1964). See also, Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044, 1045 (1937).

■ We recognize the rule that in construing covenants restricting the use of land, all doubt should be resolved in favor of freer use of land and against the restrictions. But, in this instance, there is no ambiguity in the restrictive covenants and they must be enforced as written. Cf. Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516 (1958). Points five and six are overruled.

The Church next contends that the trial court erroneously granted the peremptory instruction because, as it is phrased in point seven, "the undisputed evidence in this case shows that no other use of the land could be made and that the land was not suitable for any other use than that to which it was being put." Alternatively, by point eight, it contends that a fact issue was presented which should have been submitted to the jury. We disagree and overrule both points.

■ The two tracts owned by the defendant constituted "a border tract and is openly exposed to" changed conditions, as mentioned in Cowling v. Colligan, supra (312 S.W.2d at 946). Assuming, without deciding, that there was some evidence of changed conditions outside the subdivision since the dedication of the addition, nevertheless, defendants may not prevail. This result is required because there was no evidence that the benefits of the original plan for a restricted subdivision could not still be realized for the protection of the interior lots. Cowling v. Colligan, supra; Western Management Corp. v. High Crest Realty Co., 331 S.W.2d 365, 367 (Tex.Civ. App., Fort Worth, 1960, error ref.).

■ Nor does the fact that the City of Beaumont may have zoned the property in

such a manner that it could be used for purposes other than single family dwellings alter the result. Lebo v. Johnson, 349 S.W. 2d 744, 751–752 (Tex.Civ.App., San Antonio, 1961, error ref. n. r. e.).

■ Finally, defendant contends that by reason of the use to which other lots in the subdivision had been put in the past, there were issues of waiver and estoppel raised which should have been submitted to the jury. Defendant has neglected to cite to us the record references supporting such claims, but our own study of the record convinces us that no such issues were raised by the evidence.

It is contended that Coastal Pools, a commercial establishment, has operated without challenge by plaintiffs. Such fact is true to the record, but defendant neglects to advise us that Coastal Pools is situated upon Lot One of Block One. The dedication and the deed restrictions both specifically mention this particular lot, the language being:

Dedication: "(1) All lots in the tract shall be· known and described as residential lots, except Lot One (1), in Block One (1). * * *"

Deeds: "(5) * * * * Lot One (1) in Block One (1) is reserved for commercial purposes and any building used for retail sales may be erected on this site. * * *"

■ There is also some record reference to the holding of church services in the home of one of the plaintiffs and defendant contends that such constituted a violation of the restrictive covenants which would authorize the application of the doctrine of waiver and estoppel.

There are several difficulties experienced when this latter contention is considered. Defendant did not prove by any competent evidence that the holding of the church services in the house of one of plaintiffs was "the principal and primary uses for which the property is maintained."

Thus, we face the opposite situation to that found in McKinney, supra (339 S.W. 2d at p. 404). For aught that appears in our record, the occasional services held in one plaintiff's home was purely incidental thereto and not violative of the restrictions. Southampton Civic Club v. Couch, supra (322 S.W.2d at p. 518).

Furthermore, such activities were merely trivial in nature and did not constitute a waiver of the right to enforce the restrictions against the defendant in this case. Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506, 508 (1944); Cowling v. Colligan, supra (312 S.W.2d at p. 946).

Having carefully reviewed all of defendant's points challenging the judgment of the trial court granting the prohibitory injunction and finding no error, the judgment prohibiting the further use of the land for church purposes is in all things affirmed.

We turn now to the appeal of the plaintiffs below from the portion of the judgment which denied their prayer for a mandatory injunction requiring the defendant to remove the buildings now being used for church purposes from the land involved.

Plaintiffs' point is that since the undisputed evidence showed that the "mere presence of the church structures upon the lands and premises in question is in violation of the deed restrictions made the basis of this suit, the Trial Court erred in failing to require" the removal of the structures.

Admittedly, plaintiffs' pleadings were adequate to support the mandatory relief which it sought and we have already upheld the trial court's finding that the presence of the structures was violative of the restrictions upon the land.

In several cases cited to us, the violation of restrictions having been established by the evidence, the plaintiffs became entitled to have the offending structures removed. In Melton v. Miller, 391 S.W.2d

568 (Tex.Civ.App., Houston, 1965, no writ), the trial court having found the violation of the restrictive covenant, granted a mandatory injunction to require· the removal of a carport and the judgment was affirmed. In Shepler v. Falk, 398 S.W.2d 151 (Tex.Civ.App., Austin, 1965, error ref. n. r. e.), a fence constructed in violation of deed restrictions was ordered removed and the judgment was affirmed.

Finally, in Braes Manor Civic Club v. Mitchell, 368 S.W.2d 860, 861 (Tex.Civ. App., Waco, 1963, error ref. n. r. e.), defendants were using a lot as a parking lot for tenants in apartment houses. The trial court denied the injunctive relief, prohibitory and mandatory, and upon appeal the judgment was reversed, the court saying that:

> "The trial court should have rendered judgment enforcing the restrictions. The judgment is accordingly reversed and remanded to the Trial Court with instructions to enter permanent injunction restraining defendants from using lot 7 as a parking lot; and requiring defendants to remove the paving, carports and fencing, used in connection with parking, from such lot."

Defendant in its reply to plaintiffs' appeal from the denial of the mandatory injunction, simply reiterates its contentions which we have overruled earlier. Thus, its defense of the trial court's action in denial of the mandatory injunction does not answer the contention that plaintiffs received only half the relief to which they claimed to be entitled.

In Bickler v. Bickler, 403 S.W.2d 354, 361 (Tex.Sup.1966), the mandatory injunction to require the removal of a sidewalk was sought by trial amendment when a surveyor established that the sidewalk in question was upon plaintiff's lands. This action of the trial court was singled out for approval by Chief Justice Calvert.

In 6 Texas Practice, Remedies, Lowe & Archer, § 330, p. 343 (1957), it is said that "Texas courts do not hesitate to issue the writ [of mandatory injunction] when it is essential to remedy a wrong and no other adequate means of effecting the needed relief exists." The *Bickler*, *Braes Manor*, and *Melton Cases*, supra, are cited in support of the text.

The right to the mandatory relief, when such is necessary to afford a party full protection of his established rights, is clear under the Texas decisions. Indeed, as applied to the facts of this case, it is "the only pertinent remedy available." City of Mission v. Popplewell, 156 Tex. 269, 294 S.W. 2d 712, 715 (1956).

From our description of the two structures which were moved on to the disputed premises from elsewhere in Beaumont, it is readily apparent that the structures were not designed nor suitable for use as a private residence. Indeed, defendant made no contention in the court below that such structures were useful for any purpose other than for what they were designed and built originally—church purposes. Nor did defendant seek to justify the placement of the structures on the particular land under any theory of law other than those discussed by us in its appeal—none of which have been found compatible with the law and the facts.

Instead, the Reverend Mr. Davis justified the continuing use of the property in this manner:

> "Q. Is the sole basis upon which you contend that the Church is rightfully on that land the fact that it's your contention that this is a single-family residence or these are single-family residences?
>
> "A. Yes, we contend that this is a single family of God who meet in God's House, like every other gathering of Christian people.
>
> "Q. And that is the sole basis upon which you contend that the Church is rightfully on that land?
>
> "A. That it is a House of God and single residence, yes."

We are not in position to and do not take issue with the theological base of the contention so advanced. However, with all deference to the ecclesiastical expertise of the Reverend Mr. Davis, we disagree with his legal interpretation of the restrictive covenant involved here.

Since we are required to follow the authoritative decisions of our courts, we now hold that the use being made of the land involved is, as a matter of law, violative of the restrictions. Cowling v. Colligan, supra, and Protestant Episcopal Church Council v. McKinney, supra.

Plaintiffs were entitled to all of the relief which they sought and the trial court erred in refusing to grant the mandatory injunction to compel the removal of the structures from the premises. The judgment, insofar as it denied plaintiffs the mandatory injunction sought, is reversed and the cause remanded to the trial court with instructions to enter a permanent injunction requiring the defendant to remove the structures presently upon the premises in question.

The judgment of the trial court is in part affirmed and in part reversed and remanded with instructions.