**Clayton G. COLE, and Wife, et al., Appellants,**

v.

**Jimmy CUMMINGS and Thomas A. Curtis, Appellees.**

**No. 9336.**

Court of Appeals of Texas, Texarkana.

April 2, 1985.

Rehearing Denied April 30, 1985.

J. Harris Morgan, Greenville, for appellants.

Jack L. Paris, Jr., Harold F. Curtis, Jr., Greenville, for appellees.

BLEIL, Justice.

Clayton Cole and others appeal the trial court's denial of injunctive relief in their suit to enforce a restrictive covenant applicable to subdivision lots. The critical issue concerns whether the covenant, that lots be used generally for residential purposes, precludes building a street across one of the subdivision lots to other real estate. We hold that it does and direct that the injunctive relief be granted.

Appellants own Lots 1, 2, 3, 4, 5 and 7 in a Hunt County subdivision. Jimmy Cummings and Thomas Curtis are joint owners of Lot 6. These seven lots, approximately three to four acres large, constitute the Club Oaks Subdivision. The street adjoining the lots travels generally north and south and ends in a cul-de-sac which touches Lots 6 and 7. The following illustration depicts the general nature of the subdivision, road, and the road sought to be built across Lot 6 by Cummings and Curtis.

Lot 1

Lot 2

Lot 3

Lot 4

Lot 5

//// proposed road ////

Lot 6

Lot 7

When Vernon Bench, Jr. created the Club Oaks Subdivision, he prepared and filed a declaration of covenants, conditions, and restrictions applicable to each of the seven lots. After preliminary declarations, appears the following use restriction:

All Lots shall be used generally for residential purposes only, and except as hereinafter set forth no building shall be erected, altered, placed, or permitted to remain on any Lot other than one detached single family dwelling not to exceed two stories in height and a private garage for not more than three (3) automobiles.

The remaining use restrictions applicable to the lots deal with items such as minimum square footage, type of construction of exterior walls, out buildings, set-backs, and other restrictions normal for a residential subdivision. Also, there is a prohibition against any resubdivision of the lots.

Cummings and Curtis created an easement forty-eight feet wide along the north side of Lot 6. The easement, running from the county road just north of the cul-de-sac, extends across Lot 6 south of the boundary of Lot 5. They desired to join the existing county road in the Club Oaks Subdivision to approximately fifty-seven acres which they own. In seeking injunctive relief, appellants asserted that the proposed roadway violated the restrictive covenants of the subdivision, that the road constituted a resubdivision of a lot, and that the use of part of a lot for a roadway or street was not consistent with the generally for residential purposes only use prescribed in the restrictions.

■ This appeal hinges on our interpretation of the covenant that the lots within the subdivision be used generally for residential purposes. In construing the restrictive covenant we ascertain the objective intent of the parties expressed or apparent in the writing. *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522 (Tex.1982); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex.1968). And, when we construe the language in restrictions we do so in a manner favoring the unrestricted use of property. *MacDonald v. Painter*, 441 S.W.2d 179 (Tex.1969); *Couch v. Southampton Civic Club*, 313 S.W.2d 360 (Tex.Civ.App.—Waco 1958), *aff'd in part*, 159 Tex. 464, 322 S.W.2d 516 (1959); *Baker v. Henderson*, 137 Tex. 266, 153 S.W.2d 465 (1941).

■ The restrictions in the Club Oaks Subdivision are free of uncertainty and ambiguity. Ordinarily, terms limiting the use of land to residential purposes require that the property be used for living purposes as opposed to business or commercial activities. *MacDonald v. Painter*, supra; *Couch v. Southampton Civic Club*, supra.

■ The construction of a driveway or street in a subdivision protected by a residential use covenant substantially interferes with the use and enjoyment of the other lots in the subdivision. *Calvary Baptist Church at Tyler v. Adams*, 570 S.W.2d 469 (Tex.Civ.App.—Tyler 1978, no writ). The construction of a road across Lot 6 adjoining other Cummings and Curtis lands which they propose to develop, constitutes use of Lot 6 for other than residential purposes. It also substantially interferes with the other lot owners' use and enjoyment of their lots. While Cummings and Curtis plan to develop their fifty-seven acres for residential use, their development of the property constitutes a business activity when considered in context of using Lot 6.

■ Cummings and Curtis maintain that even if we should construe the covenant to prohibit building a road, the injunction should not issue because appellants failed to convince the fact finder that they would suffer irreparable harm. However, an exception to the rule that irreparable harm must be shown before injunctive relief is appropriate exists when a landowner in a subdivision seeks to enjoin a violation of a residential use only covenant. He need show only a substantial breach of the covenant. *Calvary Baptist Church at Tyler v. Adams*, supra; *Ireland v. Bible Baptist Church*, 480 S.W.2d 467 (Tex.Civ.App. —Beaumont 1972), *cert. denied*, 411 U.S.

906, 93 S.Ct. 1529, 36 L.Ed.2d 195 (1973); *Protestant Episcopal Church Council v. McKinney,* 339 S.W.2d 400 (Tex.Civ.App.—Eastland 1960, writ ref'd). Furthermore, were it necessary to show irreparable harm, we believe that the evidence showing a change in the character of the existing street, the traffic patterns, and the neighborhood conclusively establishes the irreparable harm.

We conclude that use of part of Lot 6 as a roadway or street substantially breaches the covenant requiring the property be used generally for residential purposes. Additionally, the creation of the roadway would violate the covenant against resubdivision of any lot. Or, at the least, the covenant against resubdivision strongly evidences the owner's intent to prohibit building a road across a lot in restricting the use of the lots.

We reverse the case and remand to the trial court for entry of an order consistent with this opinion enjoining the use of a portion of Lot 6 as a roadway as proposed by Cummings and Curtis.

Reversed and remanded.