J.P. BUILDING ENTERPRISES, INC., and Steve Seiler, Appellants,

v.

TIMBERWOOD DEVELOPMENT COMPANY, Charles F. Kraus and G.G. Gale, Appellees.

No. 13–86–107–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 2, 1986.

Rehearing Denied Oct. 2, 1986.

Mayo J. Galindo, San Antonio, for appellants.

John M. Killian, Pepos S. Dounson, Les Mendelsohn, San Antonio, for appellees.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

UTTER, Justice.

The opinion issued by this Court on August 29, 1986, is hereby withdrawn and the following is substituted therefor.

This is an appeal from a trial before the court in a declaratory judgment action, wherein the trial court entered a judgment that certain deed restrictions preclude appellants from subdividing two tracts of land. We reverse the declaratory judgment of the trial court and remand for trial on the issue of damages, if any.

Appellees are in the business of developing and subdividing land in Bexar County. Originally, appellees sold to Mrs. Roeder two twelve-acre tracts of land described as Tracts 12 and 13 in County Block 4848 in Bexar County. Attached to the deeds were the restrictive covenants which are the basis of this suit. Appellants subsequently purchased these two tracts from Mrs. Roeder. Appellees learned that appellants intended to subdivide the tracts and promptly notified them that subdivision of the tracts was prohibited by the deed restrictions. Appellants then brought suit against appellees seeking a declaration that the deed restrictions do not prohibit the subdivision of the two tracts of land, an injunction, and money damages.

Tracts 12 and 13 were conveyed to appellants by one warranty deed with the following restriction attached thereto:

1. All tracts shall be used solely for residential purposes. No building other than a single-family residence containing not less than 1600 square feet, exclusive of open porches, breezeways, carports, and garages shall be erected or constructed.... Servants quarters and guests houses may be constructed to the rear of the permanent residence.

By their first point of error, appellants contend that the trial court's determination that "subdividing of the two 12 acre tracts

is in violation of the restrictive covenants in existence upon the tracts" is incorrect as a matter of law. By their second point of error, appellants assert that the deed restrictions do not preclude subdivision, but merely require that any homes built must comply with certain building requirements.

When construing a restrictive covenant, the court is to ascertain the intention of the parties so that their purpose may be effectuated. *Travis Heights Improvement Association v. Small*, 662 S.W.2d 406 (Tex.App.—Austin 1983, no writ). However, in construing a restrictive covenant, we are interested in ascertaining the objective, not the subjective, intent of the parties as reflected by the actual words of the restrictive covenant being construed. *Id.* at 409. As this Court has previously stated:

> A restrictive covenant must be construed strictly. If there is any ambiguity in the terms of the restrictions or substantial doubt of the meaning of such terms, such ambiguity or substantial doubt, as a general rule, should be resolved in favor of the free use of the property and against the restrictions. [citations omitted] However, the general rule stated above should not be applied in such a way as to defeat the clear intent and the plain and unambiguous purpose expressed in the restriction.

*Collins v. City of El Campo*, 684 S.W.2d 756, 761 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Restrictions are to be construed strictly in favor of the grantee and also in favor of the free and unrestricted use of the land. *See MacDonald v. Painter*, 441 S.W.2d 179 (Tex.1969); *Cole v. Cummings*, 691 S.W.2d 11 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.).

The trial court found that "the restrictions are not ambiguous." Appellants do not challenge this conclusion of law upon appeal. We agree that the restriction in question is not ambiguous. However, we disagree with the legal interpretation made by the trial court. Subdivi-

sion of Tracts 12 and 13 will not violate the restriction so long as any building built on the subdivided land is used "solely for residential purposes" and is "a single family residence containing not less than 1600 square feet, exclusive of open porches, breezeways, carports and garages." Since there is only one reasonable interpretation, the restriction is not ambiguous as a matter of law. *See Radney v. Clear Lake Forest Community Association*, 681 S.W.2d 191 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Appellants' first and second points of error are overruled.

By their third, fourth, and fifth points of error, appellants contend that the evidence is legally and factually insufficient to support the trial court's Finding of Fact number 10, which reads, "It was the intention of the developer to restrict each described tract to a single-family residence on each described tract." As stated earlier, we are only concerned with the objective intent of the parties as ascertained from the words of the restrictive covenant. *Travis Heights Improvement Association v. Small*, 662 S.W.2d at 410. The trial court determined as a matter of law that the restrictions were not ambiguous. Having made this determination, there was no need to make a finding as to the *intention* of the developer, because the intentions are clearly set forth in the restriction. Since the trial court's Finding of Fact number 10 was improvidently made, we overrule appellants' third, fourth, and fifth points of error.

Appellants also contend that the evidence is legally and factually insufficient to support the trial court's Finding of Fact number 12. Finding of Fact number 12 is as follows:

> Subdividing either of the 12 acre tracts will result in the original 12 acre tract containing from 12 to 24 homes and the original 12 acre tract would no longer be a single-family residence tract but would in fact become a multi-residence tract.

This finding of fact is irrelevant to the issue before the trial court. The trial court

was called upon to construe the meaning of the restrictive covenants and to declare the rights of the parties thereunder, not to determine what the effect of subdividing either of the twelve acre tracts would have. Having determined that the court's Finding of Fact number 12 is irrelevant to an adjudication of the case, we decline to address appellants' sixth, seventh, and eighth points of error.

The case is REVERSED as to the trial court's declaratory judgment precluding appellants from subdividing the two tracts of land and REMANDED for trial to determine whether appellees *prevented* appellants from subdividing the tracts and, if so, whether any damages were suffered as a result of appellees' actions.