## Mechling v. Dawson et al.

(Decided May 13, 1930.)

LAWRENCE F. SPECKMAN for appellant.

LUKINS & JONES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1888, Thomas. S. Kennedy, who lived with his wife on a 22-acre tract of land situated on the south side of the old Shelbyville turnpike road about five miles from the court house in Louisville, subdivided that portion of the tract between his residence and the turnpike (now Frankfort avenue) into 11 building lots, with a street or court 100 feet in width leading to the residence. The subdivision was located in what was then known as the town of Crescent Hill. Crescent Hill was afterwards annexed to the city of Louisville, and the turnpike became Frankfort avenue. The lots in the subdivision were sold by Kennedy to various purchasers, and each of the deeds contained the following restriction:

"The said second party covenants and agrees that no building erected on the lot herein conveyed shall ever be used for business or manufacturing purposes but only as a family dwelling, and that no dwelling shall be less than two stories high in front, placed on the East line of Kennedy Avenue, and said building shall cost not less than $2,500.00."

Dr. H. E. Mechling owns lot No. 1, and also a strip of land 15 feet in width and running parallel with lot No. 1 along Frankfort avenue, which strip he acquired by deed containing a similar restriction. The Mechling property is located on the southeast corner of Frankfort avenue and Kennedy court. On the land is an old frame residence which is occupied by Dr. Mechling as a home.

This action was originally brought by Hattie E. Dawson, a lot owner in the Kennedy subdivision, to enjoin Dr. Mechling from constructing a business house on his lot in violation of the restriction. During the progress of the action the rector, vestry, and wardens of St. Mark's Protestant Episcopal Church, and Lucy Gray Poston, owners of lots in the subdivision, intervened and sought the same relief. On final hearing the original petition and the intervening petition of the rector, vestry, and wardens of St. Mark's Protestant Episcopal Church were dismissed for reasons not necessary to be considered, and an injunction was granted on the intervening petition of Lucy Gray Poston. Dr. Mechling appeals.

The principal ground on which appellant seeks to evade the effect of the restrictive covenant is that the change in the subdivision has been so radical and complete as to render the restriction unreasonable, confiscatory, and discriminatory. In support of this position it is pointed out that appellant's property is worth much more for business purposes than as a residence, and that, since the subdivision was laid out, Frankfort avenue has changed from a quiet country road to a much traveled thoroughfare, and is now largely used for business purposes. It is true that there has been a substantial change in Frankfort avenue as a whole, but that is not the situation so far as it borders on the Kennedy subdivision. On Frankfort avenue west of the Kennedy subdivision there is no business building nearer than 400 feet. Frankfort avenue next east of the subdivision is occupied by buildings devoted to business only to the extent of 150 feet. Business has not invaded Birchwood or Crescent court, the two streets that run parallel with and lie next to Kennedy court. In Kennedy court there are no business buildings. It is 100 feet wide with a 20-foot carriage-way, and 40 feet on each side. At the entrance to the court just south of Frankfort avenue there are many fine old trees which contribute to the beauty of the entrance and make the court more desirable for residence

purposes. In short, it is essentially a quiet, residential street. It also appears that the erection of a business house on appellant's lot will diminish the market value of the Poston lot. On these facts we conclude that the chancellor properly held that business had not invaded the restricted area; that the slight business development on Frankfort avenue contiguous to the territory in question had not worked so substantial and fundamental a change as to make the restriction bear unequally upon the various lot owners; that it was still possible to maintain the residential character of the subdivision; and that the situation was one calling for the interposition of a court of equity. Sandusky v. Allsopp, 99 N. J. Eq. 61, 131 A. 633; Swan v. Mitshkun, 207 Mich. 70, 173 N. W. 529; Sanders v. Campbell, 231 Mich. 592, 204 N. W. 767. As said in Laverack v. Allen, 130 A. 615, 617, 2 N. J. Misc. R. 637:

> "Changes in the residential neighborhood depend upon their number and character, and if, as in this case, they do not interfere with the enjoyment by lot owners of the benefit of the neigborhood as a place of residence, or show a general intention to abandon such a plan, they are not material."

But it is insisted that St. Mark's Church violated the covenant by erecting on its lot on Kennedy avenue a church and also a parish house which was used for recreational purposes, and that this not only constituted a substantial change in the restricted area, but estopped Lucy Gray Poston, who had acquiesced in the violation of the restriction, from objecting to the violation on the part of appellant. In Vorenberg v. Bunnell, 257 Mass. 399, 153 N. E. 884, 48 A. L. R. 1431, it was held that the owner of property located on a particular street was entitled to enforce a covenant restricting the area to residence purposes, although changes in the remainder of the locality had made the enforcement of the covenants with respect to the whole tract impossible, where only two of the thirty-three buildings on the street where plaintiff's lot was located were erected in violation of the covenant, such violation not showing a material change affecting the character and use of the street as a residential district. With respect to its effect on the residential character of the street there is a wide dif-

ference between a business house and a church and parish house. Often a church and parish house may be desired by all the residents, and although the erection thereof may be a technical violation of the covenant, we are constrained to the view that the violation is too slight and inconsequential to effect a material change in the character and use of the restricted territory, and that Lucy Gray Poston did not lose her right to object to appellant's violation of the covenant by reason of her failure to object to the violation on the part of the church. Knight v. Simmonds, 2 Ch. (Eng.) 294.

Judgment affirmed.