## R. E. COWLING ET AL V. MRS. R. M. COLLIGAN

No. A-6650. Decided April 30, 1958.
Rehearing overruled May 28, 1958.
(312 S.W. 2d Series 943)

*Kelley & Ryan* and *C. O. Ryan,* of Houston, for petitioners.

The Court of Civil Appeals erred in holding that the district court's conclusion of law could be supported by a presumption of the existence of facts which were not found by the district court and not shown of record; in holding that the district court's findings as to the changed conditions in adjoining and abutting lands outside the boundary of said subdivision justified the district court's conclusion that the lot in question should be released from the restricted covenant applicable to the subdivision, and in holding that the erection of churches within the subdivision authorized the complete release of the tract from the restrictions applicable to the subdivision. Burford v. Ponders, 145 Texas 460, 199 S.W. 2d 141; Curlee v. Walker, 112 Texas 40, 244 S.W. 497; Stewart v. Welsh, 142 Texas 314, 178 S.W. 2d 506.

*Stovall, O'Bryant & Stovall* and *T. J. Stovall, Jr.,* all of Houston, for respondents.

In reply to petitioners' points of error, cited Johnson v. Poteet, 279 S.W. 902; Plaza Co. v. White, 160 S.W. 2d 312, error refused; King v. King, 150 Texas 662, 244 S.W. 2d 660.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This class suit was brouht by R. E. Cowling and some seventeen other owners of lots in Post Oak Gardens Subdivision, an addition to the City of Houston, against Mrs. R. M. Colligan as owner and J. Terry Falkenbury as tenant or lessee of Tract No. 2 in the subdivision. The purpose of the suit was to obtain a declaratory judgment that certain restrictive covenants, and particularly a covenant restricting use of the lots in the subdivision "for residence purposes only" were still valid, binding and enforceable restrictions on the use of all lots or tracts in the subdivision and to enjoin the defendants from using Tract No. 2 for business or commercial purposes. Falkenbury died before trial and his interest, if any, went out of the case.

The case was tried without a jury. Judgment was entered declaring the restrictive covenants contained in a certain instrument of record, including the covenant limiting the use of the lots for residence purposes only, to be "valid, subsisting and enforceable restrictive covenants" which had "not been waived, breached or abandoned to such an extent that they are no longer enforceable." However, the court recited in its judgment that there had been such a change of conditions and of uses of lands in the vicinity of Tract No. 2 as to make it unjust and inequitable to enforce the covenants against that tract and ordered it removed from their effect. The Court of Civil Appeals affirmed. 307 S.W. 2d 841.

Pursuant to request of plaintiffs the trial judge filed findings of fact and conclusions of law. The appeal of the plaintiffs was predicated solely on the transcript containing the findings and conclusions. No statement of facts was filed in the Court of Civil Appeals.

Other restrictive covenants are involved in the declaratory judment but issue is joined by the parties on the covenant restricting the use of Tract No. 2 for residence purposes only.

There is no map or plat of the Post Oak Gardens subdivision in the record before us and we have no descriptive information with respect to the subdivision other than that which is found in the findings of fact filed by the trial court.

The findings of fact pertinent to the issue before us establish that the subdivision contains 49 tracts or lots ranging in size from 4 to 7.81 acres; that a church is located on the east three

acres of Tract No. 1, to the west of Tract No. 2, and immediately across Bering Drive; that churches have been built upon two other tracts in the subdivision, and several other tracts have been sold to church bodies who contempate the erection of church buildings; that one-half of the remaining building sites in the subdivision have residences erected upon them; that Tract No. 2, owned by the defendant, contains 5 acres, is bounded on the south by Westheimer Road and on the west by Bering Drive, has no improvements upon it except for one small frame building which is easily removable, and has never been devoted to any business or commercial use except for the storage of pipe and related items upon it; that the property adjoining Tract No. 2 on the east also fronts on Westheimer Road, is outside of the subdivision, is unrestricted, and is devoted to business and commercial uses; that the property abutting Westheimer Road on the south is outside the subdivision, is unrestricted, and is devoted to business and commercial uses; that Westheimer Road was a quiet country road at the time the subdivision was platted and the restrictions laid, but is now a heavily-traveled main thorouhfare; that the reasonable market value of Tract No. 2, restricted, is $10,000 per acre, whereas, if unrestricted, it is from $35,000 to $43,000 per acre. What may be said to be an "ultimate" fact finding of the trial court is as follows: "Tract No. 2, by reason of all of said matters, is no longer suitable for exclusively residential purposes."

The trial court concluded that the restrictions laid by the instrument of record are "valid, subsisting and enforceable restrictive covenants, and the same have not been waived, breached and abandoned to such an extent that the same are no longer enforceable in accordance with their terms." The trial court further concluded, however, that "it is no loner just and equitable to enforce said restrictive covenants against Tract No. 2 and to prevent the use of it for business and commercial purposes."

The plaintiffs contended in the Court of Civil Appeals, and contend here, that, as a matter of law, the facts found by the trial court do not support its second conclusion and that the court erred in removing Tract No. 2 from the effect of the restrictive covenant. We agree.

■ There are certain rules of law by which a court of equity must be guided in determining whether to enforce a residential-only restriction. It may refuse to enforce it because of the ac-

quiescene of the lot owners in such subtantial violations within the restricted area as to amount to an abandonment of the covenant or a waiver of the right to enforce it. 5 Restatement of the Law of Property, Sec. 564; 92 American Laws of Property, Sec. 9.38; 14 Am. Jur. 644-646. Covenants Conditions and Restrictions, Secs. 295-298; 12 Texas Jur. 172-174, Covenants and Condtions, Sec. 108. It may also refuse to enforce it because there has been such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant. 5 Restatement of the Law of Property, Sec. 564; 2 American Law of Property, Sec. 9.39; 14 Am. Jur. 648, Sec. 305.

■ As heretofore indicated, the trial court found that the restrictions in Post Oak Gardens had not been waived or abandoned. Whether that conclusion be treated as an ultimate finding of fact or as a conclusion of law, the only contrary evidentiary fact found by the trial court is the erection and existence of churches in the subdivision. In the absence of a statement of facts we must presume that the other evidence heard supports the finding or conclusion.

■ The authorities are uniform in declaring that the erection of a church violates a covenant restricting the use of property for residential purposes. 14 Am. Jur., Pocket Part 97, Covenants, Conditions and Restrictions, Sec. 225; 13 A.L.R. (2) 1239; 26 C.J.S. 1117, Deeds, Sec. 164(3); Cannon v. Ferguson, Texas Civ. App., 190 S.W. 2d 831, no writ history; Chandler v. Darwin, Texas Civ. App., 281 S.W. 2d 363, no writ history; Terrell Hill Baptist Church v. Pawel, Texas Civ. App., 286 S.W. 2d 204, no writ history. It has been held, however, that the violation is so trivial in character that the failure of other property owners in the restricted area to complain does not operate as a waiver of their right to enforce the covenant against business or commercial development, or as an abandonment of the covenant. Mechling v. Dawson, 234 Ky. 318, 28 S.W. 2d 18, 19. We approve that holding.

■ A court may not refuse to enforce a residential-only restriction against a particular lot on the sole ground that a change of conditions has rendered the lot unsuitable for residential purposes and it would therefore be inequitable to enforce it. The equities favoring the particular owner is only one facet of the judicial inquiry. Those equities must be weighed against the equities favoring the lot owners who, having acquired their

property on the strength of the restriction, wish to preserve the residential character of the area. The judgment must arise out of a balancing of equities or of relative hardships. 5 Restatement of the Law of Property Sec. 563. In paragraph c of Sec. 563 it is said: "It is not sufficient to create the disproportion [of harm] that will justify refusing to grant injunctive relief that the harm ensuing from granting such relief will be greater than the benefit gained thereby. When the disproportion between harm and benefit is the sole reason for refusing relief, the disproportion must be one of considerable magnitude."

■ The trial court made no finding that the removal of Tract No. 2 from the restriction would not prove harmful to the plaintiffs who wish to preserve the residential character of the subdivision, and we may not presume such a finding. Rule 299, Texas Rules of Civil Procedure. Other than the advent of churches into the subdivision the only changed conditions found by the court lie outside the subdivision. Tract No. 2 is a border tract and is openly exposed to those changed conditions, but the majority view is that "if the benefits of the original plan for a restricted subdivision can still be realized for the protection of the interior lots, the restriction should be enforced against the border lots, notwithstanding that such lot owners are deprived of the most valuable use of their lots." 2 American Law of Property 447. See also 4 A.L.R. (2) 115. We are committed to that view. Bethea v. Lockhart, Texas Civ. App., 127 S.W. 2d 1029, writ refused. Accord: Abernathy v. Adoue, Texas Civ. App., 49 S.W. 2d 476, 481-482, no writ history; Scaling v. Sutton, Texas Civ. App., 167 S.W. 2d 275, 280, writ refused, w.o.m.; Faubian v. Busch, Texas Civ. App., 240 S.W. 2d 361, 367, writ refused, n.r.e.

■ The reasoning of the courts is that if because of changed conditions outside the restricted area one lot or tract were permitted to drop from under the protective cover of residential-only restrictions, the owner of the adjoining lot would then have an equal claim on the conscience of the court, and, in due course, all other lots would fall like ten-pins, thus circumventing and nullifying the restriction and destroying the essentially residential character of the entire area. It is no answer to that reasoning to say that the trial court's judgment has declared the restriction enforceable against all other lots and thus will prevent such a disastrous result. The judgment is res adjudicata only of present and not of future conditions. 14 Am. Jur. 648.

On the strength of the foregoing holding our normal course would be to reverse the judgment of the Court of Civil Appeals and reform the judgment of the trial court so as to declare that defedant's Tract No. 2 is subject to the restrictive covenants and to enjoin the use of the tract for business and commercial purposes. Defendant insists however, that if the judgment of the Court of Civil Appeals is reversed the cause should be remanded to the trial court for retrial because onerous procedural rules will otherwise deprive her of a fair opportunity to present some phases of her case.

Defendant filed exceptions to certain of the trial court's findings and conclusions. One of her exceptions was that the finding that the restrictive covenants had not been waived, breached or abandoned was "contrary to the evidence." She also excepted to the conclusion that the restrictions were "valid, subsisting and enforceable against any tract within the subdivision." Defendant was not in position to appeal from the judgment because it awarded her full and complete relief.

The exceptions mentioned were carried forward in informal fashion as a cross-assignment in defendant's brief in the Court of Civil Appeals. However, her argument in that court and here is not that the findings of fact made by the court compel a judgment abrogating the residential-only covenant on all tracts in the sub-division, but rather that she has had no opportunity to file a statement of facts for the purpose of showing that there is much evidence, not contained in the findings of fact, showing that the plaintiffs have waived their right to enforce the covenant and that the covenant has been abandoned.

Defendant argues that Rule 386, Texas Rules of Civil Procedure, imposes on the *appellant* the duty of filing a statement of facts, and that she could not know that plaintiffs would not discharge the obligation until it was too late for her to file one.

The record before us shows that judgment was entered on April 3, 1957. Defendant knew immediately upon entry of judgment that the covenants were declared to be valid, subsisting and enforceable and that it was further adjudged that they had not been waived or abandoned. Findings of fact and conclusions of law were filed on May 7, 1957. Defendant was charged with notice by Rule 307, Texas Rules of Civil Procedure, that plaintiffs could appeal on the transcript without having a statement of facts prepared and filed. Diligence required that she ascer-

tain whether plaintiffs would appeal on the transcript or would request and file a statement of facts. Unless she was satisfied on that score, diligence also required that she protect her right to cross-assign that the findings were not supported by the evidence or were contrary to the great weight and preponderance of the evidence by requesting and filing a statement of facts. From the date of the judgment she had sixty days (by extension) in which to file the statement of facts in the trial court (Rule 381, T.R.C.P.) and sixty days in which to file it in the Court of Civil Appeals (Rule 386, T.R.C.P.). From the date of the filing of findings of fact and conclusions of law she had twenty-six days in which to file it in the respective courts.

We have held that a Court of Civil Appeals is not authorized by Rule 386, T.R.C.P., to extend the time for filing a statement of facts except upon motion showing good cause why it *could* not be filed within the time prescribed by that rule. Matlock v. Matlock, 151 Texas 308, 249 S.W. 2d 587. Upon the record before us the Court of Civil Appeals would not have been authorize to grant a motion for late filing of the statement of facts. If that relief could not be granted, surely neither that court nor this court could afford defendant the much greater relief of a new trial.

Rule 307, T.R.C.P. does not provide for the filing of exceptions to findings of fact and conclusions of law. It provides that a party claiming that the findings made do not support the judgment may except to the *judgment* and thereby preserve his right to so contend on appeal. He may preserve his right to contend on appeal that the findings have no support in the evidence or are contrary to the great weight and preponderance of the evidence by including proper points or cross-points of error in his brief in the Court of Civil Appeals. Any statements in Texas Employers Ins. Ass'n. v. Campion, Texas Civ. App., 236 S.W. 2d 193, no writ history, in conflict with what is here said are disapproved.

We can see no reason why our normal procedure should not be followed in this case. Accordingly, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is reformed by striking from it the following:

"* * * provided, however, by reason of the change of conditions and uses of lands in the vicinity of Tract Two (2) POST OAK GARDENS, both in the immediate area within said subdivision, as well as adjoining and abutting lands without, it is

no longer just and equitable to enforce said restrictive covenants against said Tract Two (2), and the said Tract Two (2) is hereby ORDERED removed from the effect of such restrictive covenants."

As reformed the judgment of the trial court is affirmed, and that court is directed to issue a writ of injunction in appropriate terms restraining and enjoining the defendant from devoting Tract No. 2 to business or commercial uses.

All costs are taxed against defendant.

Opinion delivered April 30, 1958.

Rehearing overruled May 28, 1958.