Zella B. McPHERSON, Appellant,

v.

R. J. BLACK et al., Appellees.

No. 3877.

Court of Civil Appeals of Texas.

Waco.

May 4, 1961.

Rehearing Denied May 25, 1961.

Heath, Rosenthal, Atlas & Cattanach, Houston, for appellant.

William H. Scott, Jr., Houston, for appellees.

WILSON Justice.

Appellee-plaintiff alleged that appellant was lessee of certain premises in Houston; that appellant and appellee entered into a

partnership for operation of the premises as a cafe-lounge, with appellee in control of management, and that the lease was assigned to the latter; that the premises were afterwards sub-let to another defendant; that appellant collected rents for which an accounting and judgment was asked. It was further averred that appellant thereafter sought to repudiate appellee's interest in the business and claim it entirely as her own; that to forestall threatened litigation resulting from such action, appellant, through her attorney, agreed to sell her interest to appellee; but she thereafter actually sold and transferred all interest in the business to another defendant. it was alleged the last-mentioned transaction was the result of a conspiracy and constituted fraud. Actual and exemplary damages were sought.

Judgment was rendered for appellee on a jury verdict after introduction of evidence. There was no motion for new trial and there is no statement of facts. Appellant excepted to the judgment under the provisions of Rule 307, Texas Rules of Civil Procedure, claiming the special verdict does not support the judgment.

■■ In the absence of a motion for new trial and a statement of facts, the only point presented which is properly preserved for review which we are authorized to consider under the record, is that which asserts the verdict does not support the judgment. Rules 324, 307; and see Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943, 948; Wagner v. Foster, Tex.Sup., 341 S.W.2d 887; Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762, 764, writ refused; 3 Tex.Jur.2d Secs. 452–463, pp. 702–714. Two points complain of error in failing to grant judgment non obstante veredicto. There is no motion in the record invoking such action.

The jury found in effect: (1) appellee's attorney was authorized to communicate acceptance by appellant of appellee's offer to buy her interest in the cafe-lounge business, (2) which acceptance was communicated; (3) that the attorney then knew appellant would not perform, and (4) knew appellee (5) relied on the acceptance; that (6) appellee, as a result, refrained from litigation. The value of the business was found to be $10,000, and exemplary damages "for fraudulent conduct" were assessed at $1,000. The judgment recited the jury findings and that after hearing, the court considered "the statements of their positions in the matter" by counsel. Judgment was rendered for appellee for $4,250, being "50% of the net sum due him by reason of defendant's conversion of the jointly owned business", together with the amount found as exemplary damages, and interest.

■■ Rule 307 must be here construed in connection with Rule 279. In the absence of a statement of facts, and absent objection or request, we think it is to be here presumed that independent grounds of recovery on which no issue was submitted or requested were conclusively established under the evidence; and that the evidence did not make such grounds issuable. See Willeke v. Bailey, 144 Tex. 157, 189 S.W. 2d 477, 480. Such grounds, presumed to be conclusively established, are not waived, under Rule 279, as appellant contends. That rule effects waiver only of such independent grounds of recovery as are "not conclusively established under the evidence," and we are required to presume under our record that they were so established.

In the absence of a statement of facts, "every presumption must be indulged in favor of the * * * judgment", including existence of "such facts as are necessary to support the judgment." Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365; Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, 685; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863.

The judgment is affirmed.