Don T. WALKER et al., Appellants,

v.

Mack D. VAUGHN, Jr., et al., Appellees.

No. 17386.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 9, 1973.

Rehearing Denied March 16, 1973.

Kelsey & Wood and Richard H. Kelsey, Denton, for appellants.

L. A. Nelson, Denton, for appellees.

OPINION

MASSEY, Chief Justice.

As ultimately resolved, suit was by Don T. Walker and others as plaintiffs against Mack D. Vaughan, Jr. and his wife, hereinafter treated as defendant in the singular. Plaintiffs sought mandatory injunction which would, as to the residence defendant had erected upon his subdivision lot, compel him to either comply with applicable building restrictions or to remove therefrom the improvements, including his residence.

Following trial on the merits the court, sitting without a jury, rendered judgment denying the relief for which plaintiffs sued.

Reversed, Injunction ordered.

The subdivision in question was the Montecito Addition to the City of Denton. By its plat and dedication, under which all interested parties had purchased, restrictive covenants were specified, including that by Paragraph 10, reading in part as follows: "10. At least sixty (60) per cent of the exposed exterior wall area of all residences must be of brick, stone, or stucco

. . . ." The defendant had erected and completed the construction of his residence without compliance with the restriction, in that by his own witness' evidence as to maximum percentage only approximately thirty-five (35%) per cent of the exposed exterior wall area of his residence being of brick, stone, or stucco.

Included in the covenants was a provision relative to approval of the plans of any building to be erected therein by an architectural control committee, composed of the President, Vice-President, and Secretary-Treasurer of the Montecito Corporation, promoter of the subdivision. We are not troubled with a construction of such provision since the evidence is undisputed that there was never an act of approval or disapproval of the defendant's plans for construction by the committee, as such, though one member of the committee orally advised the defendant of his approval of the building plan prior to construction.

It might be of interest to note that we are not in this case considering a structure which could be called substandard, for it is undisputed that the defendant's home has a market value of at least $65,000.00, favorably comparable to the market value of other homes of the better class within the subdivision. Furthermore, since it would only cost the defendant approximately $1,500.00 to make his residence conform to the provision of Paragraph 10 of the restrictions a requirement of conformity would not be onerous from a monetary standpoint. Involved is simply the opinion of the defendant, bolstered by the like opinion of witnesses whose testimony he produced, that the structural materials he used for exterior wall area of his home resulted in a more attractive building than would have been the case had he built in conformity with the restrictions.

Nevertheless it is undisputed that the defendant did, knowingly and wilfully, erect his residence in the Montecito Addition by a plan which was in violation of the restrictive covenant applicable thereto as to percentage of exterior wall area required to be of brick, stone, or stucco.

In Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943 (1958) Robert W. Calvert, then Associate Justice, had occasion to write relative to type of construction within a subdivision regulated by restrictive covenants. Quoting: "The reasoning of the courts is that if because of changed conditions outside the restricted area one lot or tract were permitted to drop from under the protective cover of residential-only restrictions, the owner of the adjoining lot would then have an equal claim on the conscience of the court, and, in due course, all other lots would fall like tenpins, thus circumventing and nullifying the restriction and destroying the essentially residential character of the entire area. It is no answer to that reasoning to say that the trial court's judgment has declared the restriction enforceable against all other lots and thus will prevent such a disastrous result. The judgment is res adjudicata only of present and not of future conditions."

It is obvious, in Cowling v. Colligan, supra, that the Supreme Court was writing upon justification of refusal of injunctive relief because a grant thereof would be unjust and inequitable because of uses to which other property had been put. However, the language quoted would have full application to the facts in the instant case in that if the defendant be permitted to drop from the protective cover of the restriction in Paragraph No. 10 of the Montecito Addition restrictive covenants some new neighbor who might desire to build on the adjoining lot would then have an equal claim on the conscience of the court to be relieved from the same restriction in the erection of his residence, and, in due course, the particular restriction as applied to succeeding structures would fall like ten-pins. Obviously this would or could

destroy structural integrity of the homes within Montecito Addition for thus would there be circumvention and nullification of restriction No. 10.

It is interesting to note that the Honorable Tom F. Coleman, who was the trial judge in Cowling v. Colligan, supra, was the Associate Justice on the Houston Court of Civil Appeals who was the author of the October 26, 1972 opinion in Garden Oaks Board of Trustees v. Walter P. Gibbs, Jr., Tex.Civ.App., 489 S.W.2d 133. That was a case where there was an appeal by plaintiffs from the refusal on the part of the trial court to grant mandatory injunction to require the removal of a carport construction in violation of a building set-back restriction. Judgment of the Houston Court of Civil Appeals was in reversal of the trial court and granting injunction requiring removal of the carport. In the opinion the court held that the equity in favor of the owner when weighed against the equities favoring those who were other lot-owners did not support the owner's contention of inequitable oppression by enforcement though he had expended approximately $1,200.00 in construction. The court observed that the disproportion between harm and benefit must be of considerable magnitude to warrant the denial of enforcement of the restriction and that it was not shown to have been sufficient in the particular case.

Our holding in the instant case is like unto that in Garden Oaks Board of Trustees v. Walter P. Gibbs, Jr., discussed by the above paragraph. In the "balancing of the equities" of the parties to the litigation there is not that requisite showing essential to support of the defendant's judgment that the enforcement of restriction No. 10 would be inequitably oppressive. In fact we deem the instant case one wherein there might be even greater reason for the enforcement of the restriction since defendant Vaughan was at all times acting with intent to accomplish its circumvention. See 43 C.J.S., p. 595, "Injunctions", Sec. 87, "Covenants as to Use of Property", Sub. b, "Restrictive Covenants as to Use of Land", (7), "Mandatory Injunction"; 20 Am.Jur.2d, p. 896, "Covenants, Conditions, Etc.", Sec. 328, "Compelling removal of offending structure"; and 16 Tex.Jur.2d, p. 8, "Covenants, Etc.", Sec. 114, "Building restrictions", and succeeding sections.

Though defendant relies on his general denial and did not plead estoppel and laches, affirmative defenses, he seeks to bolster his case by reliance thereon. Though holding that contentions predicated thereon should be overruled for failure to plead affirmatively, nevertheless it would be our holding, even were it possible to treat such defenses as having been pleaded, that the contentions found no support by evidence. Especially would this be true of a number of plaintiffs as to whom there was absolutely no evidence that any of them were on notice of the defendant's intent to violate the provisions of restriction No. 10 before the time he completed construction.

The judgment of the trial court is reversed and judgment is here rendered that defendants Mack D. Vaughan, Jr., and his wife, Marjorie Lee Vaughan, immediately remedy the existent state of affairs wherein they and each of them are in violation of building restrictions applicable to the premises at Lot 15, Block "B", Montecito Addition to the City of Denton, Denton County, Texas by bringing the residential building erected thereon into conformity through the addition or substitution of brick, stone or stucco so that at least sixty (60%) per cent of the exposed exterior wall area shall be of such material and in conformity with Paragraph 10 of the restrictive covenants applicable to said Montecito Addition.