Mrs. M. L. UNDERWOOD, Appellant,

v.

Arlene P. WEBB et al., Appellees.

No. 5645.

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1976.

Rehearing Denied Dec. 23, 1976.

**188**

Dunnam, Dunnam & Dunnam, Waco, for appellant.

John B. McNamara, Jr., Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Underwood from judgment non obstante veredicto she take nothing in her suit to declare "residential use only" restrictions no longer in effect as to her lots in Huaco Heights Addition to the City of Waco.

Plaintiff Underwood filed this suit as a class action against all present owners of lots in the Huaco Heights Addition to the City of Waco, for declaratory judgment that the deed restrictions against non residential use of plaintiff's lots 16, 15 and one-half of 14 in block 5, were no longer enforceable.

Trial was to a jury which found:

1) Plaintiff's property is no longer reasonably suitable for residential purposes.

2) The use of plaintiff's property for non residential purposes would not materially affect other persons in the Huaco Heights Addition in the enjoyment of their property for residential purposes.

3) The removal of plaintiff's property from the restriction would not harm those owning property in Huaco Heights Addition who wish to preserve the residential character of the Addition.

4) The failure of any owner in the Huaco Heights Addition to contest to finality the commercial use of the Educators' Credit Union property constituted an abandonment of the general plan and scheme to restrict the entire Huaco Heights Addition.

5) At the time John McNamara agreed to dismiss his suit against the Educators' Credit Union, the proposed use of the Credit Union property was a substantial non residential use of the property.

6) The agreement of John McNamara to dismiss his contest of the use of the Educators' Credit Union property for non residential purposes for $5000, was a waiver of his right to enforce said restriction as to other property in the Addition.

The trial court first rendered judgment on the verdict releasing plaintiff's property from the non residential use restriction, but thereafter granted defendant McNamara's Motion for Judgment Non Obstante Veredicto; set the original judgment aside; and rendered judgment plaintiff take nothing.

Plaintiff appeals on 2 points:

1) The trial court erred in rendering Judgment Non Obstante Veredicto.

2) The trial court erred in setting aside the judgment on the verdict it rendered for plaintiff.

A schematic diagram of Huaco Heights Addition follows:

A. Bell Telephone repeater station on triangular ½ lot.

B. Educators' Credit Union on 1½ lots.

C. Plaintiff's 2½ lots.

Huaco Addition consists of 39 blocks and 493 lots. It was developed by Huaco Heights Realty Company commencing in 1916, which imposed on each lot restriction that it shall not "be used for other than residence purposes". Plaintiff owns lots 15, 16 and one-half of 14 in block 5, occupying a residence located on 34th Street and Waco Drive.

Since the early 1950's Waco Drive has had considerable commercial build up as it exits the Huaco Heights Addition to the west, and some commercial build up across Waco Drive from the Addition.

The only non residential use in the Addition is a Bell Telephone Company repeater station on a small triangular half lot in block 8 on 36th Street, and the Educators'

Credit Union Office on 1½ lots in block 7 (plus parking area) on Waco Drive.

■ The telephone company repeater station was built by a public utility having right of eminent domain. Its presence could not have been prevented, and it cannot be relied on to support a waiver or abandonment of the restriction. *Lebo v. Johnson,* CCA (San Antonio) NRE, 349 S.W.2d 744.

The Credit Union office was built in 1966. After it was built John McNamara, one of the defendants in this case, filed an injunction suit against the Credit Union to enforce the residential restriction. While suit was in trial, the parties reached a settlement whereby the Credit Union made a cash payment to McNamara who in return dismissed his injunction suit.

■ A court of equity may refuse to enforce a residential-only restriction: 1) because of the acquiescence of the other lot owners in such substantial violations within the restricted area as to amount to an abandonment of the restrictions, or a waiver of the right to enforce same; 2) because there has been such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized by the restriction. A court may not refuse to enforce a residential-only restriction against a particular lot on the sole ground that a change of conditions has rendered the lot unsuitable for residential purposes and it would therefore be inequitable to enforce it. *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943.

■ Where a landowner as here, who has never used his property for business seeks to have the restriction removed, relying on violations elsewhere in the addition, he must show such extensive violations as to amount to abandonment of the whole scheme of development. *Simon v. Henrichson,* CCA (Corpus Christi) NRE, 394 S.W.2d 249.

■ We think the evidence here completely fails to show the existence of such extensive violations throughout the subdivi-

sion as to indicate the intention of the part of the property owners to abandon the general scheme or purpose of a residential area, or to establish a waiver of the right to enforce same. On the contrary the residential character of the subdivision has been preserved remarkably well. For a residential addition containing 493 lots to have only two non residential uses, demonstrates a clear and continuing intention on the part of the property owners to maintain its residential character.

Plaintiff has failed as a matter of law to show acquiescence of the other lot owners in such substantial violations within the restricted area as to amount to abandonment of the restrictions, or waiver of the right to enforce same; and has failed to show such a change of conditions within the restricted areas or surrounding it as renders it no longer possible to secure in substantial degree the benefits sought to be realized by the restriction.

Plaintiff's points are overruled.

AFFIRMED.

HALL, Justice (dissenting).

I respectfully dissent. I agree with the majority's holdings that there has not been a waiver or an abandonment of the residential-only restriction in question in the Huaco Heights Addition. However, it is my view that the findings made by the jury in its answers to the first three special issues are supported by proof and require judgment for the plaintiff releasing her lots from the restriction. These findings are (1) plaintiff's property is no longer reasonably suitable for residential purposes, (2) the use of plaintiff's property for non-residential purposes would not materially affect the other owners in the Addition in the enjoyment of their property for residential purposes, and (3) removing the restriction from plaintiff's property would not harm the owners wishing to preserve the residential character of the subdivision.

Summarized, the evidence shows that the restriction in question became effective in 1916; that since plaintiff purchased her res-

idence in Huaco Heights Addition in 1944, Jefferson Street, the residential street which bordered the Addition and her lots on the South, has become a part of Waco Drive, which is a divided thoroughfare with multi-lanes for traffic on both sides of the median; that Waco Drive is a part of the main traffic artery between the eastern and western boundaries of McLennan County and carries a "terrific flow" of day and night traffic; that virtually all of the property adjoining both sides of Waco Drive in the area in question (including the adjoining lots in Block 7 of the Addition from 35th to 36th Streets upon which housing and parking facilities for Educator's Credit Union are located) is devoted to commercial use, mostly professional offices; that because of the traffic on Waco Drive and the resulting noise, plaintiff's property is no longer suitable for residential use by her or anyone and is not saleable for residential use, but is suited for and saleable for commercial use; that plaintiff is a 75-year-old widow and wants to sell her property and move into the home of her daughter in another city; that the Educator's Credit Union, which is a non-residential use in the Addition adjoining Waco Drive one block from plaintiff's lots, has not adversely affected the residential character and use of lots off Waco Drive; that the use of plaintiff's lots for commercial purposes will not harm or interfere with the residential character and use of the interior lots in the Addition, but will actually benefit the residential nature of the interior lots by shielding them from Waco Drive; that the release of plaintiff's lots from the residential-only restriction will not precipitate a ten-pin effect of commercial uses off Waco Drive and into the interior lots because, for several reasons shown by the proof, the interior of the Addition is simply not suited to commercial use; that the defendants were selected at random from throughout the Addition (one from each block); and that all but one of the defendants favor releasing the plaintiff's lots from the restriction.

In *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943 (1958), a judgment removing a residential-only restriction against a particular lot on a finding that the lot was "no longer suitable for exclusively residential purposes" was reversed by the Supreme Court because there was not an express finding (and because the appellate record which did not contain a statement of facts would not support an implied finding) that the removal of the restriction "would not prove harmful to [the owners] who wish to preserve the residential character of the subdivision." The Court recognized that a court of equity may grant relief from a residential-only restriction "because there has been such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant." However, the Court said a particular lot may not be released from the restriction on the *sole* ground that a change of conditions has rendered the lot unsuitable for residential purposes, because "the equities favoring the particular owner is only one facet of the judicial inquiry"; that "the judgment must arise out of a balancing of equities or of relative hardships" between the particular owner and the other lot owners in the subdivision who wish to preserve the residential character of the area; and that where the disproportion between harm to the particular owner and benefit to the other owners is the *sole* reason for releasing the individual lot, the disproportion of harm must be one of "considerable magnitude." 312 S.W.2d 946.

In our case, the jury has found in answers to the first three issues (1) harm to the plaintiff if the restriction is continued on her lots, and (2) no harm to the other lot owners in the Addition if the restriction is removed from plaintiff's lots (i. e., no benefit to the others if the restriction is not removed). The proof supports these findings. To deny the plaintiff the relief she seeks is to effectively render her lots unsaleable and thereby destroy their value, but without benefit to the other owners in the Addition. This is surely a "disproportion [between harm and benefit] of considerable magnitude."

I would reverse the judgment and render judgment for plaintiff on the verdict removing the restriction from only her lots.