The **TEXAS AND PACIFIC MOTOR TRANSPORT CO.,** Appellant,

v.

**Tommie STEVENS d/b/a National Body Works,** Appellee.

No. 4980.

Court of Civil Appeals of Texas, Eastland.

Feb. 3, 1977.

William A. Brasher, Dallas, for appellant.

Davis Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Tommie Stevens, d/b/a National Body Works, sued defendant, The Texas and Pacific Motor Transport Company, for services performed in removing defendant's wrecked truck from the highway and delivering the truck to defendant's terminal in Abilene, Texas. The case was submitted to the jury who answered three special issues as follows:

(1) At the time plaintiff agreed to pick up the wreckage, he was not acting as a volunteer at the request of the Department of Public Safety;

(2) On the occasion in question, there was not an "implied contract" between plaintiff and defendant covering the removal of the wrecked vehicle; and

(3) The sum of $400 would fairly and reasonably compensate plaintiff for the services performed.

The court entered judgment for plaintiff and defendant has appealed. We affirm.

Defendant contends the judgment entered is not supported by the findings of the jury. There is no statement of facts. Defendant asserts this is an appeal under Rule 307, T.R.C.P.,[1] and that it may attack the judgment without a statement of facts. Defendant argues that the only liability issue submitted was found in its favor and since plaintiff failed to file a motion to disregard the finding there was no "implied contract" or for judgment notwithstanding the verdict, the court was not authorized to disregard such finding. Rule 301, T.R.C.P.

Plaintiff contends, and we agree, that without a statement of facts we must presume the court found the evidence conclusively established an independent ground of recovery that was not submitted

In deciding this point, the court in *McPherson v. Black*, 346 S.W.2d 615 (Tex. Civ.App.—Waco 1961, writ ref. n.r.e.) said:

"In the absence of a motion for new trial and a statement of facts, the only point presented which is properly pre-

1. Rule 307 provides: "In non-jury cases, where findings of fact and conclusions of law are requested and filed, and in jury cases, where a special verdict is returned, any party claiming that the findings of the court or the jury, as the case may be, do not support the judgment, may have noted in the record an exception to said judgment and thereupon take an appeal or writ or error, where such writ is allowed, without a statement of facts or further exceptions in the transcript, but the transcript in such cases shall contain the conclusions of law and fact or the special verdict and the judgment rendered thereon."

served for review which we are authorized to consider under the record, is that which asserts the verdict does not support the judgment. Rules 324, 307; and see *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943, 948; *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887; *Miller v. Miller,* Tex.Civ.App., 274 S.W.2d 762, 764, writ refused; 3 Tex.Jur.2d Secs. 452–463, pp. 702–714 . . .

. . . . .

Rule 307 must be here construed in connection with Rule 279. In the absence of a statement of facts, and absent objection or request, we think it is to be here presumed that independent grounds of recovery on which no issue was submitted or requested were conclusively established under the evidence; and that the evidence did not make such grounds issuable. See *Willeke v. Bailey,* 144 Tex. 157, 189 S.W.2d 477, 480. Such grounds, presumed to be conclusively established, are not waived, under Rule 279, as appellant contends. That rule effects waiver only of such independent grounds of recovery as are 'not conclusively established under the evidence,' and we are required to presume under our record that they were so established.

In the absence of a statement of facts, 'every presumption must be indulged in favor of the * * * judgment', including existence of 'such facts as are necessary to support the judgment'. *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363, 365; *Lane v. Fair Stores,* 150 Tex. 566, 243 S.W.2d 683, 685; *City of Galveston v. Hill,* 151 Tex. 139, 246 S.W.2d 860, 863."

In *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943 (1958), a nonjury Rule 307 appeal, where findings of fact and conclusions of law were filed, the court noted it could not presume under Rule 299, T.R.C.P., that the trial court found an independent ground of defense, since no element of such defense had been expressly found by the trial court in its findings of fact and conclusions of law.

Rule 299, T.R.C.P., provides in part:

"Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment . . ."

Rule 299, which is applicable to nonjury trials, expressly prohibits a presumed finding on appeal upon any ground of recovery or defense, "no element of which has been found by the trial court." However, the instant case is a jury case and as pointed out in *McPherson,* under Rule 279, T.R.C.P., which applies to submission of special issues in jury cases, it will be presumed on appeal, in the absence of a statement of facts, that independent grounds of recovery on which no issue was submitted or requested were conclusively established under the evidence.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.