**Mark Stephen KOBDISH, Petitioner,**

v.

**Laura Anne KOBDISH, Respondent.**

**No. 3–87–203–CV.**

Court of Appeals of Texas,
Austin.

Dec. 2, 1987.

Greg Gegenheimer, Austin, for petitioner.

Jed I. Oliver, Austin, for respondent.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

PER CURIAM.

Petitioner seeks review of the judgment of the district court of Travis County by petition for writ of error. Petitioner has not filed a statement of facts. Respondent now moves for an extension of time to file the statement of facts. We will grant respondent's motion.

Respondent's motion for extension of time is filed pursuant to Tex.R.App.P.Ann. 54(c) (Supp.1987). The issue we address is whether Rule 54(c) is applicable to respondent. We conclude that it is.

■ Rule 54(c) states in pertinent part: "An extension of time may be granted for late filing in a court of appeals of a ... statement of facts, if a motion reasonably explaining the need therefor is filed by *appellant....*" *Id.* (emphasis added). On its face Rule 54(c) applies to appellants (or petitioners) only. We note, however, that appellees (or respondents) have an equal right to file a statement of facts and have even been held to have a duty to file a statement of facts. *See Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943, 947 (1958) (appellee may need to request statement of facts to support cross-points based on insufficiency of the evidence). Accordingly, we hold that Rule 54(c) motions for extension of time to file a statement of facts should be available to both appellants and appellees (petitioners and respondents).

■ Because respondent has filed her motion within the time limits prescribed by Rule 54(c), we need only determine whether she has reasonably explained her need for an extension of time to file the statement of facts. We conclude that she has reasonably explained her need.

A reasonable explanation "means any plausible statement of circumstances indicating that failure to file within the [required] ... period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977). Respondent learned that petitioner did not file a statement of facts on October 7, 1987. Respondent then had the statement of facts transcribed and forwarded to this Court on October 28, 1987, one day after the filing deadline. On these facts we conclude that respondent's need for an extension of time to file her statement of facts is reasonably explained.

Respondent's motion for extension of time to file the statement of facts is granted.