Weaver v. Weaver



NUMBER 13-00-114-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

JULIA WEAVER, Appellant,


v.


MARY WEAVER, Appellee.

___________________________________________________________________


On appeal from the 357th District Court of Cameron County, Texas.

___________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa


Appellee, Mary Weaver, filed a divorce petition against her husband, Paul Alexander Weaver. In the petition, Mary alleged
that Paul had fraudulently transferred community assets during the marriage and asked the trial court to award her the
couple's homestead in San Benito. Appellant, Julia Weaver, (1) subsequently intervened in the suit. Julia asserted an
ownership interest in the San Benito property.

The presiding judge of the Fifth Administrative Judicial Region assigned Judge Fernando Mancias to hear the case after the
presiding judge of the 357th District Court recused himself. On March 15, 1999, all parties appeared for trial, and the case
was tried to the court. On November 12, 1999, Judge Mancias signed a "Final Decree of Divorce," awarding the San
Benito property to Mary. The decree specifically stated, "the husband is divested of all right, title, interest, and claim in and
to that property." The decree made no reference to Julia's interest, if any. On November 19, 1999, Judge Mancias modified
the decree to read, "the husband and Intervenor are divested of all right, title, interest, and claim in and to that property." 

On December 6, 1999, Julia timely filed her "Intervenor's Request for Findings of Fact and Conclusions of Law." However,
no findings of fact or conclusions of law were filed by the trial court. (2) On December 19, 1999, Julia timely filed her
"Intervenor's Motion for New Trial." The motion for new trial was overruled by operation of law. Julia filed her notice of
appeal on February 11, 2000.

A. Jurisdiction


Appellee contends this Court does not have jurisdiction to consider this appeal because appellant filed her notice of appeal
one day late. If an appellant has timely filed a motion for new trial, her notice of appeal must be filed within ninety days of
the date the judgment was signed. Tex. R. App. P. 26(a)(1); see also Tex. R. Civ. P. 329b. The appellate timetable runs
from the time a judgment is modified, if such modification is entered while the trial court still has plenary power over the
case. Tex. R. App. P. 4.3(a). Therefore, the timetable began to run on November 19, 1999, the date the trial court modified
the final decree. Appellant's notice of appeal was filed within ninety days of that date. Therefore, Julia's notice of appeal
was timely filed, and we have jurisdiction to consider this appeal.

B. The Record


An appellant has the burden to present a record to the appellate court that shows the error about which she is complaining.
Zuyus v. No'Mis Comm., Inc., 930 S.W.2d 743, 748 (Tex. App.--Corpus Christi 1996, no writ). The appellate record
consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1.

No reporter's record was filed in this case. Appellant contends the reporter's record:

is non-existent due to the confusion of the court reporters who attended to the phases of the bench trial. The designated
court reporter disavowed taking part in reporting the trial.

However, in response to a letter from the clerk of this Court notifying the court reporter that the reporter's record in this
matter was late, the court reporter certified that the record had not been filed because appellant had made no arrangements
for payment.

The parties may agree on the contents of the appellate record by a written stipulation filed with the trial court clerk. Tex. R.
App. P. 34.2. The parties may also agree on a brief statement of the case in lieu of a reporter's record; this statement must
be filed with the trial court clerk and included in the appellate record. Tex. R. App. P. 34.3. Neither of these options was
exercised in this case. 

Generally, the lack of a reporter's record precludes any relief on appeal. Christiansen v. Prezelski, 782 S.W.2d 842, 843
(Tex. 1990). However, the court of appeals is obligated to address every issue raised and necessary to the final disposition
of an appeal. Tex. R. App. P. 47.1; Office of Pub. Util. Counsel v. Pub. Util. Comm'n, 878 S.W.2d 598, 599-600 (Tex.
1994). Therefore, an exception to the general rule exists for appeals involving no factual dispute, but strictly questions of
law. Office of Pub. Util. Counsel, 878 S.W.2d at 599-600; Segrest v. Segrest, 649 S.W.2d 610, 611 (Tex. 1983); Cowling
v. Colligan, 158 Tex. 458, 312 S.W.2d 943, 948 (1958); Smith v. Grace, 919 S.W.2d 673, 678-79 (Tex. App.--Dallas 1996,
writ denied). We must determine whether any such issue is raised in this appeal.

C. Issue Presented


In a single issue, appellant complains the trial court erred "when it attempted to divest Intervenor of her undivided interest
in the real property in question." Appellant contends that she acquired an interest in the property from one Truman D.
Angel on October 15, 1990, and that she never conveyed this interest to Paul and Mary. In her intervention plea, and in her
motion for new trial, appellant attached a copy of a warranty deed showing that Truman D. Angel conveyed the property in
question to Joe Roy Weaver on October 15, 1990. Appellant asserts that: (1) she was married to Joe Roy Weaver on
October 15, 1990, (2) the property was a community asset, and she thereby obtained an undivided one-half interest in the
property, and (3) she never conveyed her interest to Paul and Mary. She contends she has shown this Court, as a matter of
law, that she was at the time of the final divorce decree still the owner of an undivided one-half interest in the property. We
disagree.

While Mary concedes that Julia was married to Joe Roy Weaver, she asserts in her statement of facts that the property in
question was purchased by her and Paul during their marriage with community assets. From the record before us, we
cannot say that, as a matter of law, appellant retains an ownership interest in the property in question. Accordingly,
appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


FEDERICO G. HINOJOSA

Justice


Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 10th day of May, 2001.

1. Julia Weaver is Paul Weaver's mother.

2. We note that appellant did not file a "Notice of Past Due Findings of Fact and Conclusions of Law" as is required by the
rules of civil procedure. See Tex. R. Civ. P. 297.