Samuel Lynn **HOMSEY**, Appellant,

v.

**UNIVERSITY GARDENS RACQUET CLUB**, Appellee.

No. 08–86–00115–CV.

Court of Appeals of Texas,
El Paso.

Jan. 14, 1987.

Rehearing Denied June 3, 1987.

Cliff Hardwick, Cliff Hardwick, P.C., Odessa, for appellant.

Bob Hoblit, Odessa, for appellee.

Before OSBORN, C.J., and
SCHULTE and FULLER, JJ.

## OPINION

SCHULTE, Justice.

This is a restrictive covenant case. Appeal is from a money judgment for dues and assessments based on recorded covenants and restrictions on the land in the addition where Appellant bought his home. The case was tried to the court without a jury. There were no findings of fact and conclusions of law. We affirm.

The covenant in question required the owner of a lot in the University Garden's addition to pay dues and assessments to the University Gardens Racquet Club. Homsey denied any actual notice of the requirement in that his deed made no reference to it. His title policy obtained at closing did make reference to the restrictions. Homsey and his family never used the club. There is no question that Homsey had constructive notice of the restrictions which were of record.

Appellant urges in three points that the trial court erred in holding the covenant to be valid and enforceable. The contention is that such restrictive covenant is not reasonable, is not pursuant to a general scheme to benefit the land, and is not for the exclusive use and benefit of the landowners. In the two final points, Appellant contends that the Appellee breached the covenant by opening the club to the public and failing consistently to enforce it, and is therefore estopped from enforcing it as to him.

■ We believe there is ample evidence in the record to establish that the covenant was reasonable and pursuant to a general scheme to benefit the land. Absent findings of fact and conclusions of law, we assume the trial judge found every issuable fact proposition to sustain the judgment if such fact proposition is raised by the pleadings and supported by the evidence. The judgment of the trial court must be affirmed if it can be on any reasonable theory supported by the evidence and authorized by law. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980). We will, however, discuss Appellant's benefit to the land and exclusivity arguments.

■ Of the four requirements for a restrictive covenant to run with the land set forth in *Billington v. Riffe*, 492 S.W.2d 343, at 346 (Tex.Civ.App.—Amarillo 1973, no writ), Appellant principally emphasizes the absence of the essential that the covenant must touch or concern the land. Appellant's primary argument is that when the Class C membership was created subsequent to the original dedication, the club was open to the public and the exclusivity was destroyed. Originally, there were Class A and Class B members. Class A members were fee owners in the addition with voting rights and an obligation to pay dues and assessments. Class B members were developers with lifetime membership without dues and assessments. Thereafter, a Class C membership was created. Class C members did not have to live in the subdivision, but were subject to the approval of the board of directors, had to pay an initiation fee of $500.00 as well as dues and assessments, and had no voting rights.

A chief consideration of a covenant "touching and concerning the land" is whether it is so related to the land as to enhance its value and confer benefit upon it. *Prochemco, Inc. v. Clajon Gas Co.*, 555 S.W.2d 189 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.). The benefit conferred on landowners here is immunity from payment of the $500.00 initiation fee, their automatic acceptance into the club by virtue of their purchase and without approval of the board, and their status as voting members. The power to vote gives the landowner a voice in changing the corporation and, hypothetically, to totally eliminate the complained of payment of the fees and assessments. Class C members, concerning whom Appellant focuses his attention in espousing nonexclusivity, have no such power.

There appear to be no cases in Texas that make a distinction between a club exclusively for the use of landowners and one open to the public. In *Frey v. DeCordova*

*Bend Estates Owners Association,* 632 S.W.2d 877 (Tex.App.—Fort Worth 1982), *aff'd,* 647 S.W.2d 246 (Tex.1983), cited by Appellant, the court upheld deed restrictions providing for various assessments and dues required of members of a homeowners' association. The members of the association owned land within the subdivision. In *Selected Lands Corporation v. Speich,* 702 S.W.2d 197 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), it appears that the club was for the exclusive benefit of landowners; however, the exclusivity of the club is not addressed. In *Bessemer v. Gernsten,* 381 So.2d 1344 (Fla. 1980), cited by Appellant, the court recognized the concept that a developer, in carrying out a uniform plan of development in a subdivision, may arrange for services or maintenance of common facilities and may bind a purchaser to pay for them. The club in *Bessemer* was exclusive; however, the court makes no reference to that as a determining factor. It appears to us that the nonexclusivity of the club is not a material factor since the question is whether landowners are benefited, not if others are also benefited. Points of Error Nos. One, Two and Three are overruled.

▮ Appellant's fourth and fifth points of error allege that Appellee should be estopped from enforcing the covenants because the University Gardens Racquet Club, Inc. breached the covenants by opening the club to the public at large and by not consistently enforcing the deed restrictions.

When there has been such a change of conditions in the restricted area that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant, the courts may refuse to enforce the restrictions. *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943 (1958). The defendant has the burden of proving such a defense. *Giles v. Cardenas,* 697 S.W.2d 422, 427 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). In order to establish the affirmative defense of waiver in a deed restriction case, the nonconforming user must prove that violations then existing are so great as to lead the mind of the "average man" to reasonably conclude that the restriction in question has been abandoned and its enforcement waived. The factors to be considered by the "average man" are number, nature, and severity of then-existing violations, any prior acts of enforcement of the restriction, and whether it is still possible to realize to a substantial degree benefits intended through the covenant. *New Jerusalem Baptist Church, Inc. v. City of Houston,* 598 S.W.2d 666, 669 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

In the instance here, the covenant still secures to a substantial degree the benefits sought by creation of the club. The only inconsistent enforcement of the restriction shown by the Appellant is that the home he owned prior to the one in controversy was in the same subdivision and Appellant had not paid fees or assessments there. This was the only instance of nonenforcement shown. In *Garden Oaks Board of Trustees v. Gibbs,* 489 S.W.2d 133 (Tex.Civ.App. —Houston [1st Dist.] 1972, writ ref'd n.r. e.), the court held that evidence of seven carport violations and three hedge or fence violations in a subdivision containing 180 lots was insufficient to establish that the restrictions had been abandoned. In *Stephenson v. Perlitz,* 537 S.W.2d 287 (Tex. Civ.App.—Beaumont 1976, writ ref'd n.r. e.), the court held that a seven percent nonconformity in a subdivision of over 100 dwellings was insufficient to establish an abandonment of the restrictions. Appellant has failed to satisfy its burden of establishing abandonment or waiver of restrictions. Points of Error Nos. Four and Five are overruled.

The judgment is affirmed.