COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BRADLEY SCOTT EDWARDS, ET UX, KRISTEN EDWARDS, | § § | No. 08-12-00032-CV |
| Appellants, | § | On Appeal from the |
| v. | § | 367th District Court |
| | § | of Denton County, Texas |
| ROBERT E. EDWARDS, | § | (T.C.# 2010-50094-367) |
| Appellee. | § | |

## **O P I N I O N**

Appellant Bradley Scott Edwards (hereinafter "Appellant" or "Scott")[1] appeals the denial

of his motion for a new trial following an adverse verdict in a personal injury suit filed against

Scott's father, Robert E. Edwards ("Appellee" or "Robert"). In his sole issue on appeal,

Appellant argues that the trial court abused its discretion by denying a new trial in light of evidence

from Robert's wife and Scott's mother, Sarah Elaine Edwards ("Sarah"), that Robert may have

given false testimony during a pretrial deposition. For the following reasons, we affirm the trial

court's judgment.

## **FACTUAL BACKGROUND**

Appellant requested only a partial reporter's record and not a full reporter's record under

---

[1] The notice of appeal was filed by Bradley Scott Edwards et ux Kristen Edwards and, so therefore, the case is styled "Bradley Scott Edwards et ux Kristen Edwards." However, the final judgment only disposed of Bradley Scott Edwards' claims. His wife, Kristen is no longer a party to this case, given that she had nonsuited her claim against the defendant, her father-in-law, prior to trial.

TEX.R.APP.P. 36.4 *et seq*. As such, we are constrained in our review of the facts of this case. Appellant Scott and his wife Kristen sued Scott's father, Robert, on negligence and premises liability claims. On November 17, 2008, Scott went to his father Robert's farm next door in Krum, Texas, to help his father raise the roof of a barn. Scott and Robert are both homebuilders, although Robert is retired. Robert loaned Scott a ladder so that Scott could remove plywood that had been nailed in to the ceiling joists of the barn. While Scott and Robert were working to remove a piece of plywood, one of the legs on Scott's ladder splintered and failed. Scott fell to the ground and sustained injury requiring emergency medical treatment.

Robert testified that the ladder Scott used was at least twenty years' old, that it had been stored outside exposed to the elements, that it had been broken and repaired prior to the breakage at issue in this case, that the leg that broke on the day Scott was injured had some wear-and-tear damage, that the ladder had cracks in it, and that "[l]adders like this have blown off roofs." At a pretrial deposition, Robert had testified that he did not see whether the ladder had cracks in it prior to the accident.

Following trial, Robert's wife and Scott's mother, Sarah, made an ex parte communication with the court by sending a letter stating that her husband had not been truthful during his testimony. At a hearing on Appellant's motion for a new trial, Sarah testified that Robert had been upset after having his deposition taken and said in the presence of other family members that he had not felt he had been given the opportunity to tell the truth. Robert further stated that he denied awareness of problems with the ladder at deposition, but that he was aware of the presence of the cracks in the ladder, that the cracks had been there for years, and that the ladder should have been thrown away a long time ago. Sarah also testified that Robert told her that he was

2

intimidated by his attorney, felt pressured to testify a certain way during the deposition or else lose insurance coverage after twenty-five years, and was not allowed to change his deposition after informing his attorney about the error, although that testimony was subsequently stricken from the record as either being nonresponsive or subject to privilege. The trial court denied Appellant's motion for a new trial.

## DISCUSSION

In his sole issue on appellate review, Scott argues that the trial court abused its discretion by denying the motion for new trial because the specter of Robert's false testimony at a pretrial deposition constitutes newly-discovered, outcome-determinative evidence justifying a new trial.

### Motion for New Trial

"A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). The newly-discovered evidence must also be competent and admissible. *Dankowski v. Dankowski*, 922 S.W.2d 298, 305 (Tex.App.--Fort Worth 1996, writ denied); *Jackson v. Van Winkle*, 660 S.W.2d 807, 809-10 (Tex. 1983), *overruled on other grounds*, *Moritz v. Preiss*, 121 S.W.3d 715, 721 (Tex. 2003). A trial court's decision to grant or deny a motion for new trial is reviewed for abuse of discretion. *Williams*, 313 S.W.3d at 813.

Appellant argues that his mother's post-trial testimony about his father admitting that he felt pressured by his attorneys to testify a certain way about cracks in the ladder is sufficient to

warrant a new trial.    Appellant points to the following:    (1) the evidence came to light after trial; (2) Appellant was unable to get to that evidence which was uniquely inside his father's head through normal discovery means; and (3) the admission that the ladder was cracked as opposed to merely worn down would make a favorable verdict more likely.    Therefore, Appellant concludes the trial court abused its discretion in denying his motion.

Robert advances two general arguments in support of the trial court's decision to deny a new trial before delving into each element individually.    First, Robert contends that Scott's entire claim for a new trial rests on Sarah's "unsubstantiated" testimony that Robert felt intimidated by his lawyers to testify falsely at a deposition, which had been stricken from the record on the basis of privilege.    Since Scott failed to challenge the motion to strike, he waived the ability to challenge the privilege rulings on appeal, and thus he can provide no competent, admissible evidence in support of his motion for new trial.[2]    Second, Robert argues that Scott's failure to testify at the new trial hearing or provide an affidavit precludes him from establishing the first two *Williams* factors (i.e. that evidence came to light since the trial and that it could not be discovered through due diligence) as a matter of law, especially in light of the common law presumption that evidence omitted from a partial record supports the judgment.

We do not reach the motion to strike waiver issue because we find that Appellant has failed to establish the element of due diligence by affidavit or other evidence.    Whether the movant for a new trial needs to file an affidavit with his motion generally hinges on whether the trial court has actual knowledge of the predicate error.    5 ROY W. MCDONALD & ELAINE A. CARLSON, TEXAS

---

[2] We note that Robert has not provided any citations or elaboration in his brief on the issue of waiving challenges to testimony stricken for privilege beyond a conclusory statement in his statement of facts on page 10 of his reply brief. We remind counsel on both sides of the duty to adequately brief and cite arguments or else risk waiver.  *See generally* TEX.R.APP.P. 38.1, 38.2.

CIVIL PRACTICE 301 § 28:14 (2d ed. 1999). "[A] motion limited to errors claimed to have occurred in the presence of the trial judge need not, as a general rule, be buttressed by affidavit." *Id*. at 302-03 (listing errors in pretrial proceedings, motion and pleading hearings, impaneling of jury, jury charges, trial rulings, as generally exempt from the affidavit rule). "On the other hand, . . . a ground of error substantiated by facts outside the knowledge of the court should be supported by affidavit, or, at the least, by a sufficient showing of good reason why such affidavits can not [sic] be presented." *Id.* at 303, *citing Van Winkle*, 660 S.W.2d at 809.

Here, no affidavit was necessary to show that information became available after the close of trial, since the trial court received a letter directly from Sarah alleging that her husband had not been completely truthful at trial. However, apart from arguments he made in his brief and at the motion hearing, Scott has provided no affirmative proof that he exercised due diligence or any justification for failing to file an affidavit or testify on this issue. The trial court is not privy to a plaintiff's efforts at due diligence, and as such, it must be apprised of such by sworn affidavit or testimony where the plaintiff seeks a new trial on the basis of newly discovered evidence. 5 ROY W. MCDONALD & ELAINE A. CARLSON, TEXAS CIVIL PRACTICE at 303. In this case, since Appellant failed to file a statement of issues with his partial trial record at the time of perfection under TEX.R.APP.P. 34.6(c)(1), we must also presume that his failure to provide evidence of due diligence indicates the lack of due diligence. *See Wilhelm*, 208 S.W.3d at 37-8 (when appellant files a late statement of facts with a partial record, appellate courts presume that "whatever was omitted from the record was relevant to and supported the judgment on appeal").

Even assuming that Appellant provided sufficient evidence of due diligence and demonstrated that the testimony underpinning his motion for new trial was not subject to either the

attorney-client privilege or the spousal privilege, the newly discovered evidence Appellant tenders is cumulative and likely not outcome-determinative. While we are mindful of Appellant's admonition that "[t]he courts cannot be made vehicles of fraud," *Dixie Gas & Fuel Co. v. Jacobs*, 47 S.W.2d 457, 462 (Tex.Civ.App.--Beaumont 1932, writ dism'd w.o.j.), Sarah's purported testimony that Robert did not testify as to the existence of cracks in the ladder at his deposition does not contradict Robert's trial testimony. Robert testified at trial that the ladder was at least twenty years old, that it had been stored outside exposed to the elements, that it had been broken and repaired prior to the breakage at issue in this case, that the leg that broke had some wear-and-tear damage, that it had cracks in it, and that "[l]adders like this have blown off roofs." Here, we find that testimony about cracks in the leg of the ladder would be cumulative of Robert's prior testimony about damage to the leg generally. As such, Appellant has not provided sufficient proof that the trial court abused its discretion in denying his motion for a new trial.

We overrule Appellant's sole issue. The judgment of the trial court is affirmed.


December 11, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.