

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CESARIO URIAS, CESARIO V. URIAS, JOEL URIAS, AND SONIA URIAS, | § | No. 08-21-00063-CV |
| | § | Appeal from the |
| Appellants, | § | 143rd District Court |
| v. | § | of Reeves County, Texas |
| OWL SPRINGS NORTH, LLC, OWL SPRINGS HOLDINGS, LLC, AND BARBARA PREWIT, | § | (TC# 19-11-23264-CVR) |
| | § | |
| Appellees. | | |

**O P I N I O N**

Appellees, Owl Springs North, LLC; Owl Springs Holdings, LLC; and Barbara Prewit, sued Appellants for enforcement of restrictive covenants of three properties conveyed by Appellees to Appellants, which limited the use of the properties to residential purposes. The trial court granted summary judgment in favor of Appellees.

Appellants, Cesario Urias, Cesario V. Urias, Joel Urias, and Sonia Urias,[1] raise three issues complaining of two actions by the trial court. Appellants' first issue claims the trial court

---

[1] Apparently Cesario V. Urias is deceased. Neither Appellants nor Appellees have raised an issue regarding defect of parties. Summary judgment was entered as to "Defendants" and all four Defendants were named in the Notice of Appeal. We therefore include all four Defendants as Appellants.

improperly granted summary judgment because fact issues existed as to the defenses of waiver, estoppel, and changed conditions. In their second and third issues, respectively, Appellants argue the trial court erred in failing to grant a new trial and to consider their limitations defense at the new trial stage.

## FACTUAL AND PROCEDURAL BACKGROUND

Barbara Prewit sold Cesario Urias and Cesario V. Urias 10.53 acres out of a one-hundred-acre parcel in Pecos, Texas, on July 8, 2009. On January 6, 2014, Prewit sold two more properties from the same one-hundred-acre parcel: 11.31 acres to Cesario Urias and 5.00 acres to Joel Urias and Sonia Urias. The earlier grant contained the following reservation: "This property shall be used for residential housing only; Grantee shall not use the property for commercial or industrial use." The latter two grants contained the following reservation: "The property is to be used for residential purpose only; and not for commercial or industrial use." We will refer to all three parcels sold to Appellants as the "Property."

Sometime after the purchase, Appellants began using the Property for non-residential purposes, specifically, a truck parking business and an RV parking business. In 2015, the Town of Pecos City (Pecos City) annexed the Property and zoned it in a manner that permits commercial use.

In November 2019, Appellees sued for breach of the restrictive covenants, declaratory judgment on the breaches, and the grant of a permanent injunction and attorney's fees. Appellants answered with general denials.

In November 2020, Appellees filed a motion for summary judgment claiming the deed restrictions are valid and Appellants' violations should be enjoined. On January 4, 2021, Appellants filed a first amended answer, which included a general denial and the affirmative

2

defenses of unclean hands, waiver, estoppel, fraud, and "radical change in circumstances and use of the property[.]" That same day, Appellants responded to the motion for summary judgment. On January 5, Appellants filed a motion for leave to file an affidavit in support of their response to the motion for summary judgment, along with the affidavit itself. Appellees opposed this motion. The trial court did not rule on the motion for leave.

After a hearing, the trial court granted summary judgment, declaring the restrictive covenants as valid and enforceable, finding Appellants in current breach of the covenants, and enjoining Appellants from their wrongful conduct. A permanent injunction and final judgment followed. A week later, Appellants filed a plea to the jurisdiction and motion for new trial. A timeline and two affidavits not previously presented to the court were attached. During a hearing on the post-summary judgment motions, the trial court overruled and denied the plea to the jurisdiction. The trial court did not rule on the motion for new trial, and it was overruled by operation of law. *See* TEX.R.CIV.P. 329b(c).

## STANDARD OF REVIEW

We review a trial court's granting of summary judgment de novo. *Herrera v. Resignato*, 621 S.W.3d 835, 840 (Tex.App.—El Paso 2021, no pet.)(citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). Summary judgment is appropriate on a motion under civil procedure rule 166a(c), a traditional motion, when the movant shows no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Id.*; TEX.R.CIV.P. 166a(c). When a movant meets the burden of establishing each element of the claim on which it seeks summary judgment, the non-movant bears the burden of disproving or raising a fact issue as to at least one of those elements. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511

(Tex. 2014). If the movant does not meet that initial burden, the burden does not shift, and the non-movant need not respond or present any evidence. *Id.*

A non-movant seeking to avoid summary judgment based on an affirmative defense must do more than just plead the affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Lujan v. Navistar Financial Corp.*, 433 S.W.3d 699, 704 (Tex.App.—Houston [1st Dist.] 2014, no pet.). The non-movant must present sufficient evidence to raise a genuine issue of material fact on each element of his affirmative defense. *Brownlee*, 665 S.W.2d at 112.

A genuine issue of material fact has been raised if reasonable and fair-minded jurors could differ in their conclusions considering all the summary judgment evidence. *Lujan*, 433 S.W.3d at 704–05 (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007)(per curiam)). In deciding whether a genuine issue precludes summary judgment, we must treat all evidence favorable to the non-movant as true and indulge every reasonable inference and resolve all doubts in its favor. *Herrera*, 621 S.W.3d at 840 (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)).

Any theory supporting or opposing a motion for summary judgment must be presented in writing to the trial court. *Border Demo. & Enviro., Inc. v. Pineda*, 535 S.W.3d 140, 151 (Tex.App.—El Paso 2017, no pet.). We can consider only the record as it existed at the time summary judgment was entered. *McGee v. Deere & Co.*, No. 03-04-00222-CV, 2005 WL 670505, at *1 (Tex.App.—Austin Mar. 24, 2005, pet. denied)(mem. op.)(citing *Johnnie C. Ivy Plumbing Co. v. Keyser*, 601 S.W.2d 158, 160 (Tex.App.—Waco 1980, no writ).

A trial court's denial of a motion for new trial is reviewed for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Pearl Resources LLC v. Charger Servs., LLC*, 622 S.W.3d 106, 124 (Tex.App.—El Paso 2020, pet denied). A trial court abuses its discretion when it acts

4

arbitrarily, unreasonably, and without reference to any guiding rules and principals, or renders a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Pearl Resources*, 622 S.W.3d at 124 (quoting *In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003)(orig. proceeding)). We must not substitute our own judgment for that of the trial court. *Id.* (citing *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002)).

## DISCUSSION

In three issues, Appellants challenge the trial court's grant of summary judgment and denial of motion for new trial. Appellants do not contest the validity of the restrictive covenants; they also do not refute that they have been in violation of them. Instead, Appellants maintain the affirmative defenses of waiver, estoppel, changed conditions, and limitations. According to Appellees, Appellants forfeited the affirmative defenses of waiver, estoppel, and changed conditions by failing to assert them in response to the motion for summary judgment, or, in the alternative, Appellants did not produce sufficient evidence to create a fact issue on these defenses. Appellees aver Appellants waived the affirmative defense of limitations by failing to plead it.

We affirm as to the issues of limitations and estoppel, and reverse as to the issues of waiver and changed conditions

### Statute of Limitations

In their third issue, Appellants argue the trial court erred for not considering limitations in the motion for new trial.[2] Appellants do not refute that they raised the defense of limitations for the first time in their motion for new trial.

In the motion for new trial, Appellants argued the trial court lacked subject matter jurisdiction because the four-year limitations period for enforcing deed restrictions had run. On

---

[2] We construe this as arguing the trial court erred in denying Appellants' motion for new trial.

appeal, Appellants maintain their "harmless procedural default" in failing to timely file this defense presents a constitutional imperative that favors determining cases on the merits. They also posit the trial court's overlook of the limitations defense presents fundamental error.

A party urging the affirmative defense of limitations has the burden to plead, prove, and secure findings to sustain it. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *Zavala v. Franco*, 622 S.W.3d 612, 619 (Tex.App.—El Paso 2021, pet. denied); TEX.R.CIV.P. 94. Thus, Appellants' failure to raise a limitations defense until their motion for new trial resulted in waiver of that defense. *See Brown v. EMC Mortg. Corp.*, 326 S.W.3d 648, 653 (Tex.App.—Dallas 2010, pet. denied); *Wynn v. Wynn*, 587 S.W.2d 790, 792 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Reid v. UDR Tex. Props., LLC*, No. 02-15-00108-CV, 2016 WL 7448362, at *3 (Tex. pp.— Fort Worth Dec. 28, 2016, no pet.)(mem. op.); *Ogu v. C.I.A. Servs.*, No. 01-09-01025-CV, 2011 WL 947008, at *5 n.4 (Tex.App.—Houston [1st Dist.] Mar. 17, 2011, no pet.)(mem. op.).

An exception to procedural preservation of error is the fundamental error doctrine. *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). "Fundamental error" describes situations in which an appellate court may review error that was neither raised in the trial court nor assigned on appeal. *Id*. Appellants cite *In re B.L.D.* for the proposition that the trial court's disregard of their limitations defense—i.e., the trial court's denial of their motion for new trial—was fundamental error because the facts showing the limitations defense were obvious to the court.

The *B.L.D.* court called fundamental error a "discredited doctrine," and chose not to apply it in the parental rights termination case. *Id*. (citing *Cox. v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982)(per curiam)). The court noted the doctrine had been applied almost exclusively in criminal or "quasi-criminal" proceedings and the rationale for applying it there did not support its

6

application in termination cases. *Id.* at 350–51. The court noted the doctrine had also been applied in a case where jurisdictional error was apparent from the record. *Id.* at 350.

This is not a criminal case and there is no allegation of jurisdictional error here. Accordingly, we are not persuaded to extend the fundamental-error doctrine to this area of the law. Moreover, the facts alleged to form the basis for this limitations defense were not raised until the new trial stage. There was no showing the evidence was newly discovered, and the trial court did not abuse its discretion in failing to grant a new trial based on that evidence. *See Edwards v. Edwards*, 418 S.W.3d 757, 759–60 (Tex.App.—El Paso 2013, no pet.).

Appellants cite to *Marino v. King*, 355 S.W.3d 629 (Tex. 2011(per curiam), for the proposition that failure to timely file a limitations defense is a harmless procedural default. The case involved a pro se litigant who filed responses to requests for admission one day late. *Id.* at 630. The deemed admissions later formed the sole basis for a motion for summary judgment, and at the hearing, the litigant's failure to timely file admissions was discussed. *Id*. Information was disclosed to the court at the summary judgment hearing that warranted a basis for continuing the hearing (the pro se litigant had not received discovery responses from the opposing party), a ground to deny the summary judgment (the improper party had sued), and possible good cause to extend the discovery deadline. *Id*. at 631–32. In overturning the summary judgment, the court noted when using deemed admissions as a discovery sanction to preclude trial on the merits, due process concerns are implicated. *Id.* at 632.

No due process concerns are implicated here. Appellants were represented by counsel at all stages of this proceeding and filed multiple answers and responded to Appellees' motion for summary judgment.

Appellees contend Appellants' assertion of a limitations defense at the new trial stage was contrary to their theory of the case prior to that time. We agree. Changing course at that stage was too late, and the trial court did not abuse its discretion in refusing to entertain this new position by denying Appellants' motion for new trial.

Appellants' third issue is without merit, and we overrule it.

## Remaining Affirmative Defenses

In their first issue, Appellants claim the trial court erred in granting summary judgment because fact issues existed as to the defenses of waiver, estoppel, and changed conditions. Appellees respond Appellants waived these defenses by failing to assert them in response to the motion for summary judgment.

If a movant has established it is entitled to summary judgment as a matter of law, the non-movant must expressly present to the trial court reasons it avoids summary judgment. *Home Loan Corp. v. JPMorgan Chase Bank, N.A.*, 312 S.W.3d 199, 205 (Tex.App.—Houston [14th Dist.] 2010, no pet.). A non-movant who fails to expressly present these reasons in the trial court has waived the issue on appeal. *Id.*; *see Comm'r of General Land Off. v. SandRidge Energy, Inc.*, 454 S.W.3d 603, 610 (Tex.App.—El Paso 2014, pet. denied). An "expressly" presented issue, under Rule 166a(c), is one in which the written answer or response to the motion fairly apprises the movant and the court of the issues the non-movant contends should defeat the motion. *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 119 (Tex.App.—Houston [14th Dist.] 2007, no pet.).

In their response to Appellees' motion for summary judgment, Appellants urged several reasons Appellees' motion for summary judgment should be denied. One of the listed reasons states: "The [Appellees] have acquiesced in violations of the residential restriction so as to amount to an abandonment of the covenant or a waiver of the right to enforce it." This reason was stated

later in the motion and appears in a section which discusses the well-established rule that a court may nullify or void a restrictive covenant if the property owners have acquiesced in violations; however, no case law was cited to support the proposition.

Another stated reason for denying summary judgment reads: "There has been such a radical change in the neighborhood towards commercial development that a residential covenant is no longer valid." Appellants went on to plead Appellees had sold many other tracts contiguous to Appellants' properties to commercial buyers. In the previously referenced section of Appellant's response regarding case law, a case is cited for the proposition that change of conditions may provide a basis for nullifying or voiding a restrictive covenant. Appellants discuss the radical change that must be present to justify voiding a residential deed restriction, citing cases in support.

Appellees filed a reply to Appellants' response to their motion. In the reply, Appellees note Appellants raised many issues in their response, but largely failed to address the merits of Appellees' motion. However, Appellees stated, "Once the Court strips the [Appellants'] Response of its offensive accusations and immaterial facts, the [Appellants] are left with only a few potential defenses: . . . (2) changed conditions, and (3) abandonment." Appellees addressed each of these arguments in their reply.

The arguments raised in Appellants' response to Appellees' motion for summary judgment prompted Appellees to address the points of changed conditions and abandonment. Accordingly, we find the arguments were sufficiently stated to fairly apprise Appellees and the trial court of the affirmative defenses of waiver and changed conditions.[3] Appellants did not waive the right to present these issues on appeal.

---

[3] Texas courts have recognized since *Cowling v. Colligan*, 312 S.W.2d 943 (Tex. 1958) that, "in the context of restrictive covenants, the concepts of abandonment and waiver go hand in hand." *Musgrove v. Westridge St. Partners*

Conversely, Appellants did not raise the affirmative defense of estoppel in their response to Appellees' motion for summary judgment. Appellants' brief on appeal does not contain any references to an estoppel defense in their response. Rather, it merely references their amended answer. We will not consider pleadings in determining whether fact issues have been raised. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Appellants did not raise their estoppel defense in their response, and we will not consider it now. The estoppel defense has been waived.

Because we have determined Appellants presented the affirmative defenses of waiver and changed circumstances in their response to Appellees' motion for summary judgment, we must consider whether Appellants presented sufficient evidence to raise a genuine issue of material fact on each element of waiver and changed circumstances. *See Brownlee*, 665 S.W.3d at 112. Appellees urge they did not.

### *Waiver*

To prove the affirmative defense of abandonment or waiver of a restrictive covenant, a defendant must prove then-existing violations so great that an average person could reasonably conclude the restriction in question has been abandoned. *Homsey v. Univ. Gardens Racquet Club*, 730 S.W.2d 763, 765 (Tex.App.—El Paso 1987, writ ref'd n.r.e.). Factors to be considered are the number, nature, and severity of the violations, any prior acts of enforcement of the restriction, and whether it is still possible to realize the benefits intended through the covenant to a substantial degree. *Id.*

---

*I, LLC*, No. 2-07-281-CV, 2009 WL 976010, at *3 (Tex.App.—Fort Worth Apr. 9, 2009, pet. denied)(mem. op.). The elements of proving abandonment and waiver are the same. *Id.* at *3 n.13.

As stated above, Appellants raised the issue of waiver and abandonment in their response. However, Appellants presented slight evidence on this point. Although Appellants cited four exhibits in their response, they did not attach any of them. Appellants filed an affidavit the day after filing their response, which verified one of the exhibits, a string of text messages between John Prewit, the registered agent for one of the Appellee companies, and Cesario Urias. Appellants' references to these text messages show John Prewit stated three times that he would enforce the deed restrictions. In two more referenced texts, Prewit said he had a plan that would "make everything in the area more valuable" and "would . . . benefit[] us both[.]" These text messages do not provide much basis for denying summary judgment.

There was, however, evidence before the court that raised an issue of fact regarding waiver of the restrictions. Appellees presented discovery responses in which Appellants admitted to using the properties for operating a business—allowing trucks that service oil and gas operations and recreational vehicles to park on the Property. Appellees refer to this use as industrial, according to a Pecos City ordinance. Appellants took the position that the change in zoning to commercial, which occurred in 2015, excused them from complying with the deed restrictions. There was evidence Appellees sought to enforce their deed restrictions via text messages between John Prewit and Cesario Urias, but these threats of enforcement happened in 2019, less than a year before suit was filed. There is no evidence that any attempts to enforce the deed restrictions happened prior to that time. Finally, the evidence of the city re-zoning the area to commercial weighs heavily against the ability to realize to a substantial degree the intended benefits of the residential restrictive covenants.

We find the evidence before the court at the summary judgment stage could cause fair-minded jurors to differ in their determinations of whether Appellees waived enforcement of the restrictive covenants. The trial court erred in granting summary judgment as to waiver.

### *Changed Conditions*

A residential-only restrictive covenant may be nullified or voided when there has been "such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant." *Cowling*, 312 S.W.2d at 945; *Homsey*, 730 S.W.2d at 765. In considering whether this change in conditions has occurred, courts should look to: (1) the restricted area's size; (2) the restricted area's location with respect to where the change has occurred; (3) the type of change or changes that have occurred; (4) the character and conduct of the parties or their predecessors in title; (5) the purpose of the restrictions; and (6) to some extent, the unexpired term of the restrictions. *Davis v. Canyon Creek Estates Homeowners Ass'n*, 350 S.W.3d 301, 309 (Tex.App.—San Antonio 2011, pet. denied).

The restricted property at issue is approximately twenty-seven acres—approximately twenty-seven percent of the parcel out of which it was conveyed. It is located behind a strip of properties along U.S. Highway 285 as it goes through Pecos. This strip of properties includes a Walmart and a hotel.

The property in question was annexed by Pecos City in 2015 and zoned for commercial use. Although a zoning ordinance, by itself, is insufficient to destroy valid deed restrictions, a zoning ordinance is "some evidence of a change of conditions involving the residential character of the area." *Stewart v. Valenta*, 361 S.W.2d 910, 915 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.). Annexation by the city is also an indicator of a change of conditions. *Id.* Because the

property was zoned commercial by Pecos City, which happened after Appellants purchased it, it may no longer be possible to secure in a substantial decree the benefits sought to be realized through the residential restrictive covenant. *See Cowling*, 312 S.W.2d at 945.

Appellees urge Appellants have not met their burden of proving changed conditions because they have not presented evidence on each of the factors to be considered as enumerated in *Davis*. We do not believe these six factors to be elements of the affirmative defense of changed conditions—they are merely circumstances relevant to the determination whether conditions have changed to a sufficient degree to allow avoidance of the restrictive covenant. Appellants need not present evidence of each of these factors to defeat summary judgment.

We find the evidence presented at summary judgment raised a fact issue as to whether conditions had changed in such a way the residential restrictive covenant could be nullified. The court erred in granting summary judgment on this point.

We sustain Appellants' first issue with respect to the affirmative defenses of waiver and changed conditions. We overrule Appellants' first issue with respect to the affirmative defense of estoppel.

### Motion for New Trial

In their second issue, Appellant's question whether the evidence, admissions, and pleadings created fact issues with respect to the defenses of waiver and estoppel at the new trial stage. Appellants assert the Court could reconsider the defenses of waiver and estoppel through evidence presented prior to, and along with, their motion for new trial.[4] We construe this to mean

---

[4] Because we have already determined the trial court erred in granting summary judgment on the issue of waiver, we examine only the issue of estoppel. Appellants' third issue with respect to waiver is moot.

Appellants argue the trial court abused its discretion in denying their motion for new trial on the issue of estoppel.

Appellants' motion for new trial, with affidavits attached, was filed after summary judgment was granted. By that motion, Appellants urged the trial court to consider its affirmative defenses of waiver and estoppel. At the hearing on Appellants' post-summary-judgment motions, the trial court indicated it was taking the motion for new trial under advisement. The court did not issue a ruling on the motion, and it was overruled by operation of law. *See* TEX. R. CIV. P. 329b.

Appellants contend the trial court erred in denying his motion for new trial because their evidence presented in the two attached affidavits established the defense of estoppel. Appellants did not, however, offer any basis on which we may consider the additional evidence. Accordingly, we find this issue has been waived. *See McMahan v. Greenwood*, 108 S.W.3d 467, 499 (Tex.App.—Houston [14th Dist.] 2003, pet. denied)(citing TEX.R.APP.P. 38.1(h)).

Even if Appellants had raised a proper basis upon which we could consider additional evidence, nothing in the record requires us to consider that additional evidence. "Generally, a party may not rely on new evidence in a motion for new trial without showing that the evidence was newly discovered and could not have been discovered through due diligence prior to the ruling on a summary judgment motion." *Id.* at 500. Like the appellant in *McMahan*, Appellants did not argue, neither in their motion for new trial nor in their brief, that the two affidavits attached to their motion for new trial contained newly discovered evidence that could not have been discovered through due diligence prior to the court's ruling on the summary judgment motion. *See id.*

The trial court did not abuse its discretion in failing to grant the motion for new trial with respect to estoppel. We overrule Appellants' second issue as to estoppel.

**CONCLUSION**

The trial court erred in granting summary judgment on the affirmative defenses of waiver and changed conditions. The trial court did not err in granting summary judgment on the affirmative defense of estoppel. The trial court did not abuse its discretion in denying the motion for new trial with respect to estoppel and limitations.

We affirm the judgment of the trial court with respect to limitations and estoppel and reverse as to waiver and changed conditions. We remand the matter for proceedings consistent with this opinion.

YVONNE T. RODRIGUEZ, Chief Justice

December 27, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Alley, J., dissents without opinion.